## Charles E. GRIFFIN v. STATE of Arkansas

CR 82-67                                          633 S.W.2d 708

### Supreme Court of Arkansas
### Opinion delivered June 1, 1982

*Jesse L. Kearney* of *Kearney Law Offices,* for appellant.

*Steve Clark,* Atty. Gen., by: *Matthew Wood Fleming,* Asst. Atty. Gen., for appellee.

STEELE HAYS, Justice. This is the second appeal of appellant's conviction of class A felony kidnapping (Ark. Stat. Ann. § 41-1702) and his sentencing pursuant to the Arkansas habitual offender statute (Ark. Stat. Ann. § 41-1001 [Repl. 1977]). Appellant was sentenced in a bifurcated trial to 25 years. In the first appeal, *Griffin v. State,* 2 Ark. App. 145, 617 S.W.2d 21 (1981), the Court of Appeals found the evidence sufficient to support the conviction but held the punishment should have been imposed under the class C felony provision rather than the class A provision. Ark. Stat. Ann. § 41-1702 (2). In remanding for resentencing the court stated at 148:

> The trial court's error in this instance had no bearing upon the jury's determination of guilt or innocence. It affected only the extent of the punishment to be imposed. We have a choice among several

corrective measures, *viz.,* we may reduce the punishment to the maximum for the lesser offense, reduce it to the minimum for the lesser offense, fix it ourselves at some intermediate point, remand the case to the trial court for assessment of penalty or grant a new trial. *Clark* v. *State,* 246 Ark. 876, 440 S.W.2d 205 (1969). *In this case, we choose to remand the case to the trial court for imposition of the penalty.* (Our italics.)

On remand, the trial court imposed a 15 year sentence, the maximum provided for a class C felony under the habitual offender statute.

In this appeal, appellant contends he is entitled to a new trial and the trial court erred in sentencing him to an extended term of 15 years. We disagree. On remand, the trial court merely followed the instructions of the Court of Appeals by fixing the sentence within the limits provided for a class C felony where the Arkansas habitual offender statute (Ark. Stat. Ann. § 41-1001 [1] [c]) applies, that is, 15 years. The Court of Appeals did not direct a new trial and the circuit judge was not bound to provide one.

Citing *Estes & Colburn* v. *State,* 258 Ark. 597, 528 S.W.2d 138 (1975), appellant also contends he should have received either the minimum sentence (3 years) for a class C felony under the Arkansas habitual offender statutes, or a new trial. He relies on *Mathis* v. *State,* 267 Ark. 904, 591 S.W.2d 279 (1979), for the proposition that he has the choice of having the presiding judge impose the punishment or have a new trial.

But both arguments must fail, as our review is limited to the record before the trial court in the resentencing stage of this case. We do not consider arguments settled by the opinion of the Court of Appeals in the first appeal. No petition for review or rehearing was filed and consequently the Court of Appeals opinion is res judicata. Matters decided in one appeal become the law of the case and govern the reviewing court upon a second appeal. *Wilson* v. *Rodgers,* 256 Ark. 276, 507 S.W.2d 508 (1974); *International Harvester Co.* v. *Burks Motors,* 252 Ark. 816, 481 S.W.2d 351 (1972).

We will not reverse the trial court on remand from the Court of Appeals where its actions in resentencing were in accordance with the directive of the Arkansas Court of Appeals.

Affirmed.