Duel Lee JOHNSON *v.* STATE of Arkansas

CA CR 88-119                                    764 S.W.2d 621

Court of Appeals of Arkansas
Division II
Opinion delivered February 8, 1989

*Thomas E. Brown*, for appellant.

*Steve Clark*, Att'y Gen., by: *Olan W. Reeves*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from Bradley County Circuit Court. Appellant, Duel Lee Johnson, appeals his conviction of battery in the first degree, a violation of Arkansas Code Annotated Section 5-13-201 (Supp. 1987), and the sentence imposed therefor. We affirm as modified at option of Attorney General.

Appellant was charged by information filed July 23, 1987, with attempted capital felony murder of Warren Police Officer Don Burch by shooting him with a pistol while the officer was in the line of duty. Appellant was tried by a jury on November 18

and 19, 1987, and convicted of the lesser included offense of battery in the first degree. Appellant was sentenced to a term of twenty years in the Arkansas Department of Correction.

For reversal, appellant argues the following points:

I.

THE TRIAL COURT ERRED IN ALLOWING APPELLANT TO BE SENTENCED UNDER BOTH A CRIME WHICH CONTAINED AS AN ELEMENT THE USE OF A DEADLY WEAPON AND UNDER THE FIREARM ENHANCEMENT PROVISION OF THE CRIMINAL CODE.

II.

THE TRIAL COURT ERRED IN NOT GRANTING APPELLANT A CONTINUANCE WHEN THE PROSECUTOR SOUGHT ENHANCEMENT OF THE SENTENCE ON THE DAY OF TRIAL.

III.

ARKANSAS CODE ANNOTATED SECTION 5-4-505 IS UNCONSTITUTIONAL ON ITS FACE AS IT DEPRIVES A DEFENDANT OF HIS RIGHT TO A TRIAL BY JURY ON A QUESTION OF FACT.

IV.

THAT THERE WAS INSUFFICIENT EVIDENCE AT THE TRIAL WITH WHICH TO SUSTAIN A VERDICT OF GUILTY TO THE CHARGE OF BATTERY IN THE FIRST DEGREE. THERE WAS INSUFFICIENT TESTIMONY AND NO EVIDENCE PRESENTED BY THE STATE TO INDICATE THAT THE VICTIM HAD RECEIVED SERIOUS PHYSICAL INJURIES PURSUANT TO THE STATUTORY REQUIREMENTS.

We feel compelled to point out that the above points actually argued by appellant differ substantially from the points relied upon for reversal listed after the statement of the case at the front of his brief. We address below only the points argued.

Because the appellate court must review the sufficiency of the evidence prior to consideration of trial errors, *McCraw* v.

*State*, 24 Ark. App. 48, 748 S.W.2d 36 (1988), we must first address appellant's final point.

Appellant challenges the sufficiency of the evidence as to proof that Officer Burch incurred serious physical injury. Arkansas Code Annotated Section 5-13-201(a)(1) (Supp. 1987) provides that a person commits battery in the first degree if "with the purpose of causing serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon[.]"

Viewed in the light most favorable to appellee, the evidence discloses that on the evening of July 22, 1987, Officer Don Burch was dispatched to Kelly and McCauley Streets in Warren, Arkansas, concerning a disturbance involving appellant and Elizabeth Simpson. Officer Burch testified that when he turned into the driveway, he observed appellant struggling with Ms. Simpson over a double-barrel shotgun. The officer testified that he got out of his car, drew his revolver and ordered appellant to "drop the guns." Appellant subsequently released the shotgun and a holstered long-barrel revolver to Ms. Simpson. The officer further testified that he then instructed appellant to put his hands on the bed of the truck for handcuffing purposes. Officer Burch stated that he holstered his own revolver and started to handcuff appellant at which time appellant spun around, pressed a handgun to the officer's stomach and pulled the trigger. The officer related that at the time of the shooting he did not think he would live long enough to make it to the hospital. His testimony further revealed that he was in pain but did not lose consciousness in the ambulance en route to the hospital.

Collectively, the testimony regarding Officer Burch's injury generally revealed that he was shot by appellant in the upper abdomen at contact range necessitating a hospital stay which included four and one-half days in the intensive care unit. The bullet which struck the officer embedded in the muscle in the back of his heart and the doctors were unable to remove it. Officer Burch was physically unable to work from the date of his injury on July 22, 1987, until October 5, 1987.

Appellant asserts that the above evidence is insufficient to show serious physical injury to the officer absent medical testimony. We disagree. The finder of fact is not required to set

aside its common knowledge and may consider the evidence in light of its observations and experiences in the affairs of life. *Holmes* v. *State*, 15 Ark. App. 163, 690 S.W.2d 738 (1985). Serious physical injury is defined as a physical injury that creates a substantial risk of death or that causes protracted disfigurement, protracted impairment of health, or loss or protracted impairment of the function of any bodily member or organ. Ark. Code Ann. § 5-1-102(19) (1987).

■ In this case, although there was no testimony presented by a doctor describing the technical aspects of the officer's injury, there was ample other testimony describing the severity of the injury. Testimony was produced that the victim was in pain and anticipated death from a gunshot wound inflicted at point-blank range. The officer was hospitalized for an extended period from the injury which left a bullet permanently embedded behind his heart and was unable to return to work for approximately two and one-half months. There is substantial evidence to support the trier of fact's finding that serious physical injury was caused which created a substantial risk of death.

Secondly, appellant argues the trial court erred in allowing appellant to be sentenced under both a crime which contained as an element the use of a deadly weapon and under the firearm enhancement provision of the criminal code.

The firearm enhancement statute is set out as follows in Arkansas Code Annotated Section 5-4-505 (1987):

5-4-505. Use of firearm—Sentencing for felony.

(a) If a defendant is convicted of a felony and the trial court finds that the person so convicted employed a firearm in the course of or in furtherance of the felony, or in immediate flight therefrom, the maximum permissible sentence otherwise authorized by § 5-4-401 or § 5-4-501 shall be extended by fifteen (15) years.

(b) Subsection (a) of this section shall not apply to a defendant convicted of a felony, an element of which is:

(1) Employing or using, or threatening or attempting to employ or use, a deadly weapon; or

(2) Being armed with a deadly weapon; or

(3) Possessing a deadly weapon; or

(4) Furnishing a deadly weapon; or

(5) Carrying a deadly weapon.

As set out in the previous argument, appellant was convicted of battery in the first degree which includes serious physical injury by means of a "deadly weapon." With regard to this offense, the jury was instructed as follows:

> First degree battery with the use of a firearm is punishable by imprisonment in the Department of Correction for not less than five years nor more than thirty five years, or by fine not exceeding Fifteen Thousand Dollars, or both imprisonment and a fine.

Pursuant to Arkansas Code Annotated Section 5-13-201(c) (Supp. 1987), battery in the first degree is a Class B felony. For a Class B felony, the sentence shall be not less than five (5) years nor more than twenty (20) years. Ark. Code Ann. § 5-4-401(a)(3) (1987). Thus, in the instant case, the jury instruction setting the maximum thirty-five year sentence for a battery in the first degree conviction incorporated the fifteen year enhancement for use of a firearm allowable under Arkansas Code Annotated Section 5-4-505 (1987).

■ Because the definition of first degree battery for which appellant was convicted does contain the use of a "deadly weapon" as an element of the offense, we agree with appellant that the court erred in allowing enhancement for this conviction. We are unable to determine the effect of the fifteen year enhancement to the above instruction upon the jury. The twenty year sentence imposed by the jury could have been an effort to give appellant the minimum five year sentence plus the fifteen year enhancement, or possibly the maximum twenty year sentence absent any enhancement.

■■ When an erroneous ruling has nothing to do with the issue of guilt or innocence and relates only to the punishment, it may be corrected by reducing the sentence to the minimum provided by law. *Osborne* v. *State*, 237 Ark. 170, 371 S.W.2d 518 (1963) (supplemental opinion granting rehearing); *Pittman* v. *State*, 84 Ark. 292, 105 S.W. 874 (1907). Hence, we are of the

opinion that the state should have the option of retrying this case upon reversal for the error indicated, or accepting the minimum five year penalty for a battery in the first degree conviction. Therefore, the judgment will be reversed and the cause remanded for a new trial, unless the Attorney General within seventeen days elects to accept a modification of the punishment to the minimum of five years in the Arkansas Department of Correction. *See Wilburn* v. *State*, 253 Ark. 608, 487 S.W.2d 600 (1972); *Osborne*, 237 Ark. at 172, 371 S.W.2d at 521-2.

Appellant also argues that the trial court erred in not granting his motion for a continuance when the prosecutor sought enhancement on the day of trial. The court denied appellant's motion stating that allowing the amendment to enhance a possible penalty for the crime charged would not change appellant's defense.

A trial court has broad discretion in determining whether to grant a continuance, and the trial court's refusal to grant a continuance will not be reversed absent a clear abuse of discretion amounting to a denial of justice. *Beck* v. *State*, 12 Ark. App. 341, 676 S.W.2d 740 (1984). It is also established that in the absence of a showing of prejudice, we cannot say the refusal to grant a continuance is error. *Id.* The burden is on appellant to demonstrate that the trial court abused its discretion in denying a continuance. *Walls* v. *State*, 8 Ark. App. 315, 652 S.W.2d 37 (1983).

Here, the information initially filed against appellant accused him of attempting to kill Warren Police Officer Don Burch by "shooting him with a pistol." Therefore, appellant had notice that the state intended to allege use of a firearm in the charges against him yet he failed to demonstrate any prejudice resulting from enhancement based upon allegations which were contained in the original information. Our review of the proceedings in the present case leads us to the conclusion that appellant has not demonstrated that the trial court abused its discretion or that he was prejudiced by the denial of a continuance.

Lastly, appellant argues that the Arkansas Code Annotated Section 5-4-505 (1987) is unconstitutional on its face as it deprives a defendant of his right to a trial by jury on a question of fact.

Appellee maintains that the constitutionality of the enhancement statute was not presented to the trial court, and the record supports this contention. We find no mention of this argument in the proceeding below. In fact, appellant's attorney makes the following concession in his brief:

Appellant's trial counsel (who is not his counsel on appeal) made repeated objections to the use of the enhancement provision, which appellant must concede are not completely specific as to the issue of the constitutionality of the statute in question.

An objection must be sufficiently specific to apprise the trial court as to the particular error complained of in order to preserve the right to appellate review. *Crafton* v. *State*, 274 Ark. 319, 624 S.W.2d 440 (1981). Here, appellant's objections to the use of the enhancement statute were made upon the basis of surprise, not upon the issue of its constitutionality. We conclude the constitutional issue was not presented below and, therefore, cannot be raised on appeal. *Morris* v. *Garmon*, 285 Ark. 259, 686 S.W.2d 396 (1985).

Affirmed as modified at option of Attorney General.

CRACRAFT and ROGERS, JJ., agree.