Larry WOODSON *v.* STATE of Arkansas

CR 90-25                              786 S.W.2d 120

Supreme Court of Arkansas
Opinion delivered April 2, 1990

*Val P. Price*, for appellant.

*Steve Clark*, Att'y Gen., by: *Sandra Bailey Moll*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant, who has three (3) prior convictions, was caught in possession of a pistol. Subsequently, he was charged with, and convicted of, being a felon in possession of a fireman. He was found guilty and sentenced as an habitual offender. The Court of Appeals certified the case to us. We affirm.

At trial, the court ruled that the State could use appellant's prior conviction to prove the first element of the crime (that appellant was a felon), and then allowed the State to use the same prior conviction to enhance appellant's punishment as an habitual offender. Appellant argues that the ruling erroneously allows "double-counting" and is contra to *Johnson v. State*, 26 Ark. App. 286, 764 S.W.2d 621 (1989).

The ruling does not allow double-counting of one offense so that the proscription against double jeopardy is violated. The appellant was convicted of only one offense, not two. The punishment for that one offense was then enhanced under the habitual offender statute. Ark. Code Ann. § 5-4-501 (1987). Such does not constitute a prohibited form of double-counting.

The case of *Johnson v. State, supra*, does not offer appellant any relief as that case involves the firearm-enhancement statute, Ark. Code Ann. § 5-4-505 (1987), which expressly provides that no penalty shall be enhanced for employing a firearm to commit the offense when the offense itself involves the use of a firearm. The habitual offender statute at issue in this case does not contain a similar provision.

Appellant next argues that the trial court erred in counting his prior felonies by counting one conviction for burglary and theft and a second one for forgery. He contends both should have counted as only one conviction. The trial court counted correctly.

Ark. Code Ann. § 5-4-501 provides in pertinent part:

5-4-501. *Habitual offenders—Sentencing for felony.*

. . .

(c) For the purpose of determining whether a defendant has previously been convicted or found guilty of two (2) or more felonies, *a conviction or finding of guilt of*

*burglary and of the felony that was the object of the burglary shall be considered a single felony conviction or finding of guilt.*

The statute could not be worded more clearly. Under its terms, it is only necessary to examine the judgment of conviction in order to determine what felony was the object of the burglary. Beyond that, no proof from either party is necessary. Here, an examination of the judgments of conviction establish that forgery was a separate conviction and was not the object of the burglary.

For his final point of appeal appellant argues that sentencing under the habitual offender statute is optional, not mandatory. Again, the argument has no merit. His argument is based upon the wording of Ark. Code Ann. § 5-4-501(a) (1987), which uses the term "may" instead of "shall." We recently rejected this argument in *Hart* v. *State*, 301 Ark. 200, 207, 783 S.W.2d 40, 44 (1990):

> Finally, Hart claims that the jury should have been instructed it could sentence him to five to forty years in prison rather than the twenty to forty years set out in the habitual offender statute. . . . His argument is based on the wording of the statute, which is that a person convicted of four or more felonies *may* be sentenced to an extended term of imprisonment. Hart claims that use of the word "may" indicates the jury is permitted to sentence him to twenty to forty years, but is not required to.

> The sensible meaning of the statute is that the jury may sentence the offender to any term of years between twenty and forty.

Affirmed.