Mark Anthony McKILLION *v.* STATE of Arkansas

CR 91-73                                               815 S.W.2d 936

Supreme Court of Arkansas
Opinion delivered September 23, 1991

*Keith N. Wood*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Sr. Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. The appellant, Mark Anthony McKillion, was charged with breaking and entering and theft, with penalties to be assessed under the habitual offender statute. He was convicted of both offenses in the guilt phase of the bifurcated trial, and during the sentencing phase the trial court found that he was an habitual offender with four or more prior convictions and so instructed the jury. The court further instructed the jury that the sentence to be considered for the breaking and entering offense which is a Class D felony was eight to fifteen years under the habitual offender statute. *See* Ark. Code Ann. § 5-4-501 (1987). For burglary the jury was instructed that the punishment was ten to thirty years under the same act. *Id.* The jury sentenced the appellant to the maximum term in each case — fifteen years for breaking and entering and thirty years for burglary, with the two sentences to run concurrently.

At the time of the instruction on sentencing during the penalty phase, the appellant requested that the trial court also instruct the jury on sentencing for breaking and entering, which had a penalty of not more than six years, and under the burglary statute, which had a term of years of three to ten years. *See* Ark. Code Ann. §§ 5-4-401(a)(4), 5-4-501(a)(5) (1987). The trial court refused to instruct the jury on penalties for the individual offenses, and that is the sole basis for the appellant's appeal. We agree with the trial court's decision.

The trial court was correct in instructing the jury under the habitual offender statute. We decided this identical issue as recently as last year. *See Hart* v. *State*, 301 Ark. 200, 783 S.W.2d 40 (1990); *see also Woodson* v. *State*, 302 Ark. 10, 786 S.W.2d

120 (1990). In *Hart*, the appellant also argued that an instruction on the penalties for the offenses charged should be given and that the language for penalties under the habitual offender statute was permissive since it used the term "may," and, therefore, permitted an instruction of penalties under the non-habitual offender statute. We rejected the argument and held that the sensible meaning of the statute was to give the jury discretion to sentence only within the parameters set out in the habitual offender statute. We see no reason to reverse our position on this issue, and because the *Hart* case effectively disposes of the matter, we affirm.