that issue and place the burden of proof on the guarantors.

HAYS, J., joins.

STATE of Arkansas *v.* Herman FREEMAN

CR 92-1137 846 S.W.2d 660

Supreme Court of Arkansas
Opinion delivered February 8, 1993

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellant.

*William R. Simpson, Jr.*, Public Defender, by: *Brett Qualls*, Deputy Public Defender, for appellee.

TOM GLAZE, Justice. At a bench trial, appellee was convicted of possession of drug paraphernalia with intent to use, and he was found to be a habitual offender with more than one but less than four felony convictions. The trial court correctly determined that appellee's offense was a Class C felony which required a sentence of not less than six nor more than twenty years imprisonment. Ark. Code Ann. §§ 5-64-403(c)(1) (1987) and 5-4-501(a)(4) (1987). Because appellee was found a habitual offender, the trial court, under Ark. Code Ann. § 5-4-104(a) and (e)(4) (1987), was mandated not to suspend imposition of appellee's sentence. Nonetheless, the trial court held that, irrespective of § 5-4-104, it had inherent authority to suspend imposition of a sentence, and over the state's objection, it awarded appellant six years, suspending imposition of five of those six years. The state appeals, asserting the trial court must follow the statutory requirements of § 5-4-104. We agree and therefore reverse.

The state appeals pursuant to Ark. R. Civ. P. 36.10(b-c) which authorizes review when the attorney general, after inspecting the trial record, is satisfied that error has been committed to the prejudice of the state and that the correct and uniform administration of the criminal law requires such review. Obviously, sentencing and the manner in which such punishment

provisions can be imposed arise in every criminal case where a conviction is obtained, and the application of these statutory sentencing procedures to convict defendants requires uniformity and consistency. Thus, we accept jurisdiction of this appeal. Before considering the state's point for reversal, we must address two matters raised by the appellee.

First, we dispose of appellee's argument that the state failed to cite § 5-4-104 to the trial court, so the state cannot rely on it on appeal. This argument has no merit. At trial, the deputy prosecutor objected to the sentence imposed by the trial court, requesting that the minimum sentence of six years be imposed because the court could not "suspend on a habitual." The trial court responded saying, "I agree with you. I for the record state I think you are right. I probably don't have the authority . . . If I don't, I ought to . . . If I don't have that power, then there's something wrong with the system." The state's and the trial court's remarks specifically touched on whether the trial judge had authority to suspend imposition of five of the required six years when the appellee was a habitual. That issue was addressed and ruled on in the affirmative by the trial court below and is exactly the one raised and argued in this appeal.

Second, appellee argues that § 5-4-104(e)(4), the provision disallowing the suspended imposition of sentence in habitual cases, refers to Ark. Code Ann. § 5-4-502 (1987) and is inapplicable in bench trials because the habitual sentencing procedure set out in § 5-4-502 (1987) refers only to a jury. To interpret these statutes as appellee proposes would violate a defendant's Sixth Amendment right to trial by jury. Under appellee's construction, he could possibly avoid the habitual sentence enhancement provisions merely by asking for a bench trial, but he would subject himself to such enhancement provisions if he demanded a trial by jury. No such Hobson's choice was intended by the General Assembly's passage of these statutory provisions. The General Assembly merely intended for the procedure in § 5-4-502 to apply in jury trials and in doing so, to provide for bifurcated trials to protect the defendant by withholding proof of his earlier convictions until the jury has found him

guilty.[1] Such an interpretation of § 5-4-502 in no way prevents the mandatory application of the requirements of § 5-4-104(e)(4) whether the trial be by jury or to the trial court. We now turn to the state's argument that the trial court erred in suspending imposition of appellee's sentence.

 In *Southern* v. *State*, 284 Ark. 572, 683 S.W.2d 933 (1985), the court, quoting from *Sparrow* v. *State*, 284 Ark. 396, 683 S.W.2d 218 (1985), said, "It is well settled that it is for the legislative branch of a state or federal government to determine the kind of conduct that constitutes a crime and the nature and extent of punishment which may be imposed." This court has repeatedly held that sentencing in Arkansas is entirely a matter of statute. *Richards* v. *State*, 309 Ark. 133, 827 S.W.2d 155 (1992); *Sherrer* v. *State*, 294 Ark. 227, 742 S.W.2d 877 (1988). This court has also held that the minimum sentences for habitual offenders are mandatory. *McKillion* v. *State*, 306 Ark. 511, 815 S.W.2d 936 (1991). Further, this court has held that the power to grant or withhold the authority of trial judges to suspend execution of sentence conditioned on the defendant's good behavior properly lies with the General Assembly. *Tausch* v. *State*, 285 Ark. 226, 685 S.W.2d 802 (1985); *Hill* v. *State*, 276 Ark. 300, 634 S.W.2d 120 (1982); *Davis* v. *State*, 169 Ark. 932, 277 S.W.2d 5 (1925); *Holden* v. *State*, 156 Ark. 521, 247 S.W.2d 768 (1923).

The case of *Lovell* v. *State*, 283 Ark. 425, 434, 681 S.W.2d 395 (1984) (supplemental opinion denying rehearing), is an example where we rejected the idea that a trial court had the authority to reduce or suspend a defendant's sentence where the General Assembly made such a sentence mandatory. There, we upheld the trial court's ruling that it did not have the authority to suspend the defendant's sentences because the sentencing provisions of the Omnibus DWI Act required imprisonment. The court explained its holding in part as follows:

Could a law be more plain that the legislature wanted

---

[1] In assuming that this court would rule § 5-4-104(e)(4) applies to non-jury trials, appellee also makes some brief reference to an equal protection argument, but appellee did not argue or develop this issue below. Nor does appellee offer convincing argument or cite authority for the argument now advanced on appeal.

it unmistakably clear certain things were mandatory? The legislature, not the courts, decides what is a crime and, within limits, what a sentence will be. So long as those sentences are not unconstitutional for some reason, it is our duty to enforce those laws. To do otherwise in this case would be to subvert a clear prerogative of the legislature.

Here, as in *Lovell*, the trial court had no authority to suspend appellee's six-year sentence which the General Assembly made mandatory. Because the trial court exceeded its authority by ignoring the dictates of § 5-4-104(a) and by suspending imposition of five of the six years awarded the appellee, we must reverse and remand. In doing so, we direct the trial court's judgment and commitment order be corrected to impose a sentence of six years pursuant to § 5-4-501(a)(4) and to delete any reference to the suspension of imposition of that sentence. *See Griffin* v. *State*, 276 Ark. 266, 633 S.W.2d 708 (1982).