STATE of Arkansas *v.* Jeffrey Desmond MURPHY

CR 93-651                                    864 S.W.2d 842

Supreme Court of Arkansas
Opinion delivered November 8, 1993

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellant.

*William R. Simpson, Jr.*, Public Defender, by: *Llewellyn J. Marczuk*, Deputy Public Defender.

· DONALD L. CORBIN, Justice. Appellant, the State of Arkansas, appeals a judgment of the Pulaski Circuit Court convicting appellee, Jeffrey Desmond Murphy, of first degree criminal mischief and sentencing him to a term of three years in the Arkansas Department of Correction. The state appeals pursuant to A.R.Cr.P. Rule 36.10(b)-(c). This case requires us to interpret Ark. Code Ann. § 5-4-501(a)(4) (1987) and 1993 Ark. Acts 550, therefore our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(3). We find merit to the state's argument and reverse and remand.

The state filed a felony information charging appellant as an habitual offender with first degree criminal mischief. The information alleged appellee fired a weapon at property owned by the North Little Rock Housing Authority. At the sentencing hearing, it was revealed that appellee fired shots into an apartment rented by the North Little Rock Police for use as a department substation.

Appellee pled guilty to the criminal mischief charge and admitted having two prior felony convictions for armed robbery and theft. Special Judge R.S. McCullough of the Pulaski Circuit Court, First Division, accepted the guilty plea as freely and voluntarily made and found appellee to be an habitual offender with two prior felony convictions. Sentencing was delayed.

At the sentencing hearing, Judge Marion A. Humphrey of the Pulaski Circuit Court, First Division, dismissed the habitual charges and sentenced appellee to three years, the minimum sentence for first degree criminal mischief, a Class C felony. Ark. Code Ann. §§ 5-38-203(c), 5-4-401(4) (1987 and Supp. 1991). The dismissal of the habitual status was taken on the court's initiative, without any request by appellant or appellee. The trial court stated that the word "may" in the recidivist statute indicated that an enhanced sentence was at the court's discretion.

The state objected, arguing that because the court had previously ruled that appellee had two prior felony convictions, an enhanced sentence was mandatory. The state brings this appeal arguing that, under the facts presented, the trial court erred in determining an enhanced sentence was discretionary. Pursuant to Rule 36.10(c), the state contends that such an error was committed to the prejudice of the state and that the correct and uniform administration of the criminal law requires our review. We agree with the state's contention.

■ Pursuant to Rule 36.10(c), we accept appeals by the state when our holding will set a precedent that is important to the correct and uniform administration of Arkansas criminal law. *State* v. *Townsend*, 314 Ark. 427, 863 S.W.2d 288 (1993). Thus, the first question presented is whether this is such a case. This determination brings up a sub-issue concerning the retroactive application of 1993 Ark. Acts 550. If we hold the trial court erred in ruling that enhanced sentencing was discretionary, we will remand for resentencing; and, if we hold Act 550 should apply to appellee retroactively, appellee could receive the same sentence he received this time. Thus, we would have accomplished nothing toward the uniform administration of the criminal law. *See Townsend*, 314 Ark. 427, 863 S.W.2d 288. Therefore, we must first determine whether to apply Act 550.

Section 7 of 1993 Ark. Acts 550 became effective on July 1, 1993, and amends the habitual offender statute such that the minimum sentences for habitual offenders are equal to the minimum sentences for non-habitual offenders. Section 7 of Act 550 does not state it is to be applied retroactively. Appellee committed the criminal mischief on June 28, 1992, and the order sentencing him was entered on March 30, 1993.

■ In stating the applicable general rule, we have consistently held since the enactment of our criminal code, that sentencing shall not be other than in accordance with the statute in effect at the time of the commission of the crime. *See e.g.*, *Townsend*, 314 Ark. 427, 863 S.W.2d 288. We have also held that, in the absence of a provision stating that an act will apply retroactively, the act will apply prospectively only. *Townsend*, 314 Ark. 427, 863 S.W.2d 288 (citing *Arkansas Fire and Police Pension Review Bd.* v. *Stephens*, 309 Ark. 537, 832 S.W.2d 239

(1992)). In *Townsend*, we affirmed the general rule and stated it applies even when the General Assembly amends an act to reduce punishment after the commission of the crime but before sentencing. Thus, Section 7 of Act 550 would not apply to appellee on resentencing. Consequently, there could be other cases in the same posture as this one. The precedent we set today is therefore necessary to the correct and uniform administration of the criminal law.

The state's argument on the merits is twofold and both points are valid. The state contends the sentence was erroneous because it violates the doctrine of separation of powers and because the law clearly states that minimum sentencing for habitual offenders is mandatory. Appellee responds by arguing that because the trial court dismissed the habitual charges, the court did not sentence appellee as an habitual and therefore the sentence imposed was not erroneous. Appellee's response overlooks the doctrine of separation of powers.

■    Our state constitution reserves the duty of charging an accused to the prosecutor or to the grand jury. Ark. Const. amend. 21, § 1. This court has preserved the separation of powers between the executive branch and the judicial branch by holding that when the trial court amends an information over the state's objection, the trial court has encroached upon the prosecutor's constitutional duties and breached the separation of powers. *State* v. *Hill*, 306 Ark. 375, 811 S.W.2d 323 (1991). The choice of which charges to file against an accused is a matter entirely within the prosecutor's discretion, *Simpson* v. *State*, 310 Ark. 493, 837 S.W.2d 475 (1992); *State* v. *Brooks*, 301 Ark. 257, 783 S.W.2d 368 (1990), and a duty which the trial court should never perform. *Johnson* v. *State*, 308 Ark. 7, 823 S.W.2d 800, *cert. denied*, 112 S. Ct. 3043 (1992).

■    In the instant case, the trial court initially found appellee to be an habitual offender with two prior felony convictions, but later stated the habitual charges would not be used and dismissed them. The dismissal of the habitual charges was taken on the trial court's own motion over the state's objection that sentencing appellee as an habitual offender was mandatory. Clearly, the trial court impermissibly usurped the prosecutor's constitutional duties and violated the separation of powers when

it dismissed the habitual charges. The prosecutor was stripped of his discretion to determine which charges to file against appellee.

In refusing to sentence appellee as an habitual offender, the trial court stated that the word "may" in the recidivist statute indicated that sentencing an accused pursuant to that statute is discretionary with the trial court. The trial court relied on *Mathis* v. *State*, 267 Ark. 904, 591 S.W.2d 679 (Ark. Ct. App. 1979). The trial court's reliance was misplaced. In *Mathis*, the court of appeals incorrectly indicated that sentencing an accused as an habitual was a matter within the trial court's discretion. Realizing its error, the court of appeals overruled *Mathis* in *Rogers* v. *State*, 10 Ark. App. 19, 660 S.W.2d 949 (1983).

This court has very clearly stated on several occasions that sentencing under the recidivist statute is mandatory, not optional. *State* v. *Freeman*, 312 Ark. 34, 846 S.W.2d 660 (1993); *McKillion* v. *State*, 306 Ark. 511, 815 S.W.2d 936 (1991); *Woodson* v. *State*, 302 Ark. 10, 786 S.W.2d 120 (1990); *Hart* v. *State*, 301 Ark. 200, 783 S.W.2d 40 (1990). This court has reasoned that the word "may" in the recidivist statute indicates that the jury or the trial court, whichever is considering the sentence to be imposed, has only the discretion to sentence an accused within the range of punishment set out in the recidivist statute. *See e.g., McKillion*, 306 Ark. 511, 815 S.W.2d 936. We have consistently maintained our position on this issue and do so again today.

The sentence imposed by the trial court was erroneous because it impermissibly usurped the prosecutor's constitutional duties in violation of the doctrine of separation of powers and because it was contrary to *Hart* and its progeny. Because of these errors, we must reverse and remand. In so doing, we direct the trial court to sentence appellee pursuant to the habitual offender statute as it existed on the date appellee committed the crime of criminal mischief. *See Freeman*, 312 Ark. 34, 846 S.W.2d 660 (relying on *Griffin* v. *State*, 276 Ark. 266, 633 S.W.2d 708 (1982)).