STATE of Arkansas *v.* Beatrice RODRIQUES

CR 94-953                                                891 S.W.2d 63

Supreme Court of Arkansas
Opinion delivered January 30, 1995

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Acting Deputy Att'y Gen., for appellant.

No brief filed.

ANDREE LAYTON ROAF, Justice. Appellant State of Arkansas brings this appeal pursuant to Ark. R. Crim. P. 36.10, contending that the "correct and uniform administration of the criminal law requires review by the Supreme Court." Appellee Beatrice Louise Rodriques pled guilty to one count of delivery of a controlled substance and two counts of possession of a controlled substance with intent to deliver. She was sentenced as an habitual offender to ten years imprisonment. On appeal, the state submits that at the time the crimes were committed the mandatory minimum sentence was twenty years imprisonment. We find merit to the state's argument and reverse and remand for resentencing.

On March 31, 1994, the state filed an amended felony information charging appellee with one count of delivery of a controlled substance (methamphetamine) and two counts of possession of a controlled substance (methamphetamine) with intent to deliver, for acts which she allegedly committed on April 5, 1993, April 14, 1993, and June 18, 1993. Rodriques was charged as an habitual offender having more than one but less than four prior felony convictions.

At the guilty plea hearing on May 4, 1994, the trial court found the appellee had two prior felony convictions. Over the state's specific objection, the trial court informed Ms. Rodriques that the minimum possible sentence she could receive would be ten years imprisonment. Appellee Rodriques pled guilty to the three Class Y felonies, and admitted to having two prior felony convictions. The trial court accepted her guilty plea and postponed sentencing.

At the sentencing hearing on June 3, 1994, the state again objected to the ten year sentence recommendation and contended that the minimum sentence for an habitual offender should be twenty years imprisonment for each offense. Over the state's objection, the trial court sentenced Ms. Rodriques to three concurrent ten year terms of imprisonment pursuant to a 1993 amendment to the habitual offender statute, section 7 of Act 550 of 1993.

We have consistently held that sentencing shall be in accordance with the statute in effect at the time of the commission of the crime. *State* v. *Murphy*, 315 Ark. 68, 864 S.W.2d 842 (1993). Accordingly, we find the issue presented was decided in

*Neely* v. *State*, 317 Ark. 312, 877 S.W.2d 589 (1994), where we interpreted Act 550 of 1993. *See also State* v. *Dennis*, 318 Ark. 80, 883 S.W.2d 811 (1994); *State* v. *Murphy, supra.* In the instant case, the sentencing hearing was held on June 3, 1994; therefore, the trial court did not have the benefit of the *Neely* decision which was not handed down until June 13, 1994. In *Neely*, we examined section 7 of Act 550 of 1993 which amended Ark. Code Ann. § 5-4-501 to lower the minimum sentences for habitual offenders. We found that section 7 of Act 550 was to become effective July 1, 1993, and that the General Assembly intended to apply the reduced sentencing guidelines to felonies committed after *June 30, 1993*. Although section 7 provided that it be applicable to a "felony committed after June 30, 1983," we found the reference to 1983 to be a drafting error. The intent of the General Assembly was to apply section 7 only to crimes committed after June 30, 1993. *Neely, supra.*

In the instant case, appellee's crimes were committed on April 5, 1993, April 14, 1993, and June 18, 1993. Because these offenses occurred prior to July 1, 1993, section 7 of Act 550 was not in effect, and the statutory minimum sentence for a defendant convicted of a Class Y felony, who had previously been convicted of more than one but less than four felonies, was a term of not less than twenty years. *See* Ark. Code Ann. § 5-4-501 (1987). Thus, the sentence imposed by the trial court was erroneous and we must reverse and remand.

In so doing, we direct the trial court to sentence appellee pursuant to the habitual offender statute as it existed on the date the appellee committed the crimes in question. *See State* v. *Murphy, supra.* Resentencing on remand is not prohibited by former jeopardy considerations. *State* v. *Townsend*, 314 Ark. 427, 863 S.W.2d 288 (1993).

Reversed and remanded.