STATE of Arkansas *v.* Tiffany Terra JOSLIN

CR 05-877                                                   222 S.W.3d 168

Supreme Court of Arkansas
Opinion delivered January 12, 2006

*Mike Beebe*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellant.

No response.

ANNABELLE CLINTON IMBER, Justice. The State appeals a judgment entered by the Lonoke County Circuit Court in

which the court sentenced Appellee Tiffany Joslin to five years' probation after she pled guilty to a charge of violating Ark. Code Ann. § 5-4-403 (Supp. 2005), a Class C felony, as a habitual offender under Ark. Code Ann. § 5-4-501 (Supp. 2005). Specifically, the State contends on appeal that probation is an illegal sentence because probation is not an option under the criminal code in the sentencing of a habitual offender. We find merit to this appeal and reverse and remand for resentencing.

Appellee was charged with obtaining a controlled substance, in violation of Ark. Code Ann. § 5-4-403, and with being a habitual offender under Ark. Code Ann. § 5-4-501(a). On April 14, 2005, she pled guilty to the charges. Several months later, on June 7, 2005, the circuit court held a hearing and issued an order whereby Appellee was sentenced to five years' probation, with three of the five years to be supervised and with continuation in her drug treatment program to be at her own expense and for so long as required by her probation officer. The court also assessed a fine of $400 and $150 in court costs. The State objected to the court's imposition of probation, arguing that section 5-4-501(a) mandated a term of imprisonment of no less than three years and no more than twenty years due to Appellee's status as a habitual offender convicted of a Class C felony. The circuit court overruled the State's objection and sentenced Appellee to probation. From the entry of this judgment, the State brings this appeal.

The State's ability to appeal is not a matter of right; rather, it is limited to those cases described under Ark. R. App. P. – Crim. 3. *Thomas v. State*, 349 Ark. 447, 79 S.W.3d 347 (2002). Under Rule 3, we accept appeals by the State when our holding would establish important precedent or would be important to correct and uniform administration of the criminal law. *Id.* Sentencing and the manner in which statutory punishment provisions may be imposed arise in every criminal case where a conviction is obtained; hence, the application of our statutory sentencing procedures requires uniformity and consistency. *Id.* The issue raised by the State in this appeal concerns the trial court's authority to sentence a defendant to probation under the habitual criminal offender statute. We have previously held that "sentencing and the manner in which such punishment provisions can be imposed arise in every criminal case where a conviction is obtained, and the application of these statutory sentencing procedures to convict defendants requires uniformity and consistency." *State v. Stephenson*, 340 Ark. 229, 231, 9 S.W.3d 495, 496 (2000) (citing *State v.*

*Freeman,* 312 Ark. 34, 846 S.W.2d 660 (1993)). Likewise, it is well settled that the State may appeal the imposition of a void or illegal sentence by the trial court. *State v. Hardiman,* 353 Ark. 125,114 S.W.3d 164 (2003) (citing *State v. Kinard,* 319 Ark. 360, 891 S.W.2d 378 (1995); *State v. Rodriques,* 319 Ark. 366, 891 S.W.2d 63 (1995); *State v. Brummett,* 318 Ark. 220, 885 S.W.2d 8 (1994)). Accordingly, we have jurisdiction of this appeal pursuant to Ark. Sup. Ct. R. 1-2(a)(8) and Ark. R. App. P. – Crim. 3 (2005).

For its sole point on appeal, the State contends that the circuit court illegally sentenced Appellee when it imposed probation despite the fact that she pled guilty as a habitual offender. The habitual offender statute, codified at Ark. Code Ann. § 5-4-501, sets forth the criteria that a defendant must satisfy before an extended term of imprisonment may be imposed.[1] If the criteria for extending the term for imprisonment are met, section 5-4-501(a)(2) provides express guidelines for sentencing. That part of the statute states

> (2) The extended terms of imprisonment for the defendants described in subdivision (a)(1) of this section are as follows:
>
> (A) For a conviction of a Class Y felony, a term of not less than ten (10) years nor more than sixty (60) years, or life;

---

[1] Ark. Code Ann. § 5-4-501(a)(1) states:

A defendant meeting the following criteria may be sentenced to an extended term of imprisonment as set forth in subdivision (a)(2) of this section:

(A) A defendant who is convicted of a felony other than those enumerated in subsections (c) and (d) of this section committed after June 30, 1993, and who has previously been convicted of more than one (1) but fewer than four (4) felonies or who has been found guilty of more than one (1) but fewer than four (4) felonies;

(B) A defendant who is convicted of any felony enumerated in subsection (c) of this section committed after August 31, 1997, and who has previously been convicted of more than one (1) but fewer than four (4) felonies not enumerated in subsection (c) of this section or who has been found guilty of more than one (1) but fewer than four (4) felonies not enumerated in subsection (c) of this section; or

(C) A defendant who is convicted of any felony enumerated in subsection (d) of this section committed after August 31, 1997, and who has previously been convicted of more than one (1) but fewer than four (4) felonies not enumerated in subsection (d) of this section or who has been found guilty of more than one (1) but fewer than four (4) felonies not enumerated in subsection (d) of this section.

(B) For a conviction of a Class A felony, a term of not less than six (6) years nor more than fifty (50) years;

(C) For a conviction of a Class B felony, a term of not less than five (5) years nor more than thirty (30) years;

(D) For a conviction of a Class C felony, a term of not less than three (3) years nor more than twenty (20) years;

(E) For a conviction of a Class D felony, a term of not more than twelve (12) years;

(F) For a conviction of an unclassified felony punishable by less than life imprisonment, not more than five (5) years more than the maximum sentence for the unclassified offense; and

(G) For a conviction of an unclassified felony punishable by life imprisonment, not less than ten (10) years nor more than fifty (50) years, or life.

Ark. Code Ann. § 5-4-501(a)(2) (Supp. 2005); *see also* Ark. Code Ann. § 5-4-502 (Repl. 1997). More importantly, Ark. Code Ann. § 5-4-301(a)(2) expressly states that the court shall not place a defendant on probation if it is determined that the defendant has been previously convicted of two or more felonies, in accordance with the habitual offender statute. Ark. Code Ann. § 5-4-301(a)(2) (Supp. 2005).

In Arkansas, sentencing is entirely a matter of statute. *See* Ark. Code Ann. § 5-4-104(a) (Supp. 2005) ("[n]o defendant convicted of an offense shall be sentenced otherwise than in accordance with this chapter"); *State v. Hardiman, supra; State v. Stephenson, supra.* In stating the applicable general rule, we have consistently held since the enactment of our criminal code that sentencing shall not be other than in accordance with the statute in effect at the time of the commission of the crime. *Taylor v. State,* 354 Ark. 450, 125 S.W.3d 174 (2003); *State v. Murphy,* 315 Ark. 68, 864 S.W.2d 842 (1993). Where the law does not authorize the particular sentence pronounced by a trial court, the sentence is unauthorized and illegal, and the case must be reversed and remanded. *Taylor v. State, supra; State v. Stephenson, supra.* Moreover, we have stated on several occasions that sentencing under the recidivist statute is mandatory, not optional. *State v. Murphy, supra;*

*State v. Freeman*, 312 Ark. 34, 846 S.W.2d 660 (1993); *McKillion v. State*, 306 Ark. 511, 815 S.W.2d 936 (1991); *Woodson v. State*, 302 Ark. 10, 786 S.W.2d 120 (1990); *Hart v. State*, 301 Ark. 200, 783 S.W.2d 40 (1990).

In support of the point of error raised on appeal, the State cites *Murphy v. State, supra*. In *Murphy*, the trial court accepted Murphy's guilty plea to a felony charge as a habitual offender. As in this case, sentencing was postponed until a later date. At the sentencing hearing, the trial court *sua sponte* dismissed the habitual offender charge and sentenced Murphy without the enhancement of the recidivist statute. The State objected but the court overruled its objection. On appeal, the State argued that the sentence was erroneous because (1) the trial court's *sua sponte* dismissal of the habitual offender charge violated the separation of powers and usurped the prosecutor's constitutional duties and (2) the law governing the minimum sentencing of habitual offenders is mandatory. We agreed and reversed and remanded the case, directing the circuit court to sentence Murphy in accordance with the habitual offender statute. *State v. Murphy, supra*.

Unlike *Murphy*, the instant case does not involve a trial court's *sua sponte* dismissal of the habitual offender charge. Thus, the only issue to be decided in this case is whether the circuit court had the authority to impose a sentence outside the statutory sentencing range for habitual offenders. According to the above-cited statutes, particularly Ark. Code Ann. § 5-4-301(a)(2), the answer is clear. The circuit court did not have the authority to sentence Appellee to probation.

■ Appellee was charged by the State as a habitual offender. She pled guilty to a Class C felony as a habitual offender. According to section 5-4-501, a defendant that is prosecuted and convicted of a Class C felony as a habitual offender is only eligible for a sentencing range of three to twenty years' imprisonment. Ark. Code Ann. § 5-4-501(a)(2)(D). Likewise, section 5-4-301(a)(2) expressly forbids a circuit court from placing a defendant on probation if the defendant has been convicted of two or more felonies in accordance with the habitual offender statute.

Moreover, the record indicates that Appellee knew about the statute's sentencing range. The written guilty plea signed by Appellee reflects a "punishment range" of "3-20" years. In addition, at the time of Appellee's plea in open court, the circuit court expressly reiterated that her offense carried with it a sentenc-

ing range of three to twenty years' imprisonment. Thus, because Appellee pled guilty to a Class C felony as a habitual offender, the circuit court was required to sentence her in accordance with sections 5-4-301, -501. We therefore conclude that the circuit court exceeded its statutory authority when it placed Appellee on probation. Such a sentence is illegal on its face. Accordingly, we reverse and remand for the purpose of sentencing Appellee as a habitual offender under Ark. Code Ann. § 5-4-501(a).

Reversed and Remanded.