The Honorable Robert Jeffrey State Representative 181 Charlotte Ann Camden, Arkansas 71701-9542
Dear Representative Jeffrey:
I am writing in response to your request for an opinion on the following question:
 Is it permissible under Arkansas law for a criminal defendant who has two or more prior felony convictions to be sentenced upon conviction to a suspended imposition of sentence as a part of [a] plea agreement or subsequent to a jury or non-jury trial?
RESPONSE
If the prosecutor has sought sentencing of the defendant as a habitual offender under A.C.A. § 5-4-502, the answer is clearly "no." The answer is not as clear where sentencing as a habitual offender has not been sought by the prosecuting attorney. The applicable statutes are not as clearly prohibitory in that instance. In my opinion the availability of a suspended imposition of sentence may nonetheless depend upon the nature of the current charge. Certain types of offenses are ineligible for suspended imposition of sentence without regard to the defendant's prior criminal history. Absent a statutory prohibition like the one relevant to habitual offenders in A.C.A. 5-4-301, or the one prohibiting suspended imposition for certain offenses listed in A.C.A. § 5-4-104, in my opinion a trial court has power to suspend imposition of sentence. *Page 2 
The statute most applicable to your question is in my opinion A.C.A. § 5-4-301(a)(2), which provides in relevant part that:
 (a)(2) If it is determined pursuant to § 5-4-502 that a defendant has previously been convicted of two (2) or more felonies, the court shall not:
 (A) Suspend imposition of sentence; or
 (B) Place the defendant on probation.
(Emphasis added).
The statute referenced in the first line of (a)(2) above, A.C.A. §5-4-502, is a statute setting the procedure to be followed when the prosecuting attorney seeks sentencing pursuant to A.C.A. § 5-4-501, the "habitual offender" statute. That procedure involves a determination by the trial court of the number of prior felony convictions the defendant has. A.C.A. § 5-4-502(2)(A). As a consequence, where the prosecutor seeks to have the defendant sentenced as a "habitual offender," and a determination has been made by the court under A.C.A. § 5-4-502 that the defendant has previously been convicted of two or more felonies, the court may not suspend imposition of sentence. Cf., State v. Joslin, 364 Ark. 545, 222 S.W.3d 168 (2006) (trial court may not impose probation where defendant was charged as, and pled guilty as a "habitual offender").
If the prosecutor has not charged the defendant as a habitual offender, but the defendant nonetheless has two or more prior felonies, the issue is not as clear. The provisions of A.C.A. § 5-4-301 quoted above refer only to the situation where a determination has been made pursuant to the habitual offender procedure. (See again, A.C.A. §5-4-301(a)(2) ("If it is determined pursuant to § 5-4-502 that a defendant has previously been convicted of two (2) or more felonies . . .").) (Emphasis added). It is thus not apparent that this prohibition applies where sentencing as an habitual offender is not sought. In order to determine a court's sentencing authority where this prohibition does not apply, the more general authority of a court to impose suspended imposition of sentence must be reviewed. In this regard, a trial court's authority to suspend imposition of sentence is discussed at A.C.A. §5-4-104, which provides in pertinent part as follows: *Page 3 
 5-4-104. Authorized sentences generally.
 * * * (e)(1)(A) The court shall not suspend imposition of sentence as to a term of imprisonment nor place the defendant on probation for the following offenses:
 (i) Capital murder, § 5-10-101;
 (ii) Treason, § 5-51-201;
 (iii) A Class Y felony, except to the extent suspension of an additional term of imprisonment is permitted in subsection (c) of this section;
 (iv) Driving while intoxicated, § 5-65-103;
 (v) Murder in the second degree, § 5-10-103, except to the extent suspension of an additional term of imprisonment is permitted in subsection (c) of this section; or
 (vi) Engaging in a continuing criminal enterprise, former § 5-64-414.
 (B)(i) In any other case, the court may suspend imposition of sentence or place the defendant on probation, in accordance with §§ 5-4-301 — 5-4-311, except as otherwise specifically prohibited by statute.
(Emphasis added).
Subsection (e)(1)(B)(i) of A.C.A. § 5-4-104 thus allows a court to suspend imposition of sentence unless a statute specifically prohibits that action. As noted above, that action is prohibited where the defendant has been charged as a habitual offender and a determination is made that he or she has two or more prior felonies under A.C.A. §5-4-502. Suspended imposition of sentence is also prohibited by *Page 4 
the provisions of A.C.A. § 5-4-104(e) for the specific offenses enumerated therein. In the absence of either of these two statutory prohibitions, or any other statutory prohibition, in my opinion a court may, in accordance with A.C.A. § 5-4-104(e)(1)(B)(i), suspend imposition of sentence.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL
 Attorney General