Cite as 2026 Ark. App. 137

# ARKANSAS COURT OF APPEALS

DIVISION IV

No. CR-24-759

| | |
|---|---|
| STATE OF ARKANSAS<br><br>APPELLANT<br><br>V.<br><br>VALENCIA COLEMAN<br><br>APPELLEE | **Opinion Delivered** February 25, 2026<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION [NO. 60CR-18-2759]<br><br>HONORABLE KAREN WHATLEY, JUDGE<br><br>AFFIRMED; REMANDED TO CORRECT ORDER TO SEAL |

## WAYMOND M. BROWN, Judge

The State of Arkansas brings this appeal from the Pulaski County Circuit Court's order sealing Valencia Coleman's conviction for driving while intoxicated-first offense. On appeal, the State argues that the circuit court misinterpreted the applicable statutes and erroneously applied a shorter "lookback" period in sealing Coleman's conviction. We affirm but remand to the circuit court for correction of the order to seal.

On July 6, 2018, Coleman was arrested and subsequently charged with driving while intoxicated ("DWI") in violation of Arkansas Code Annotated section 5-65-103.[1] On October 31, 2019, she entered a negotiated guilty plea to the offense. In a sentencing order entered on November 6, Coleman was sentenced to seven days in jail with five days suspended.

---

[1](Repl. 2016).

On September 20, 2023, Coleman filed a pro se petition seeking to seal her misdemeanor DWI conviction. The State objected to the petition, asserting that Coleman's conviction could not be sealed until expiration of the applicable ten- or twenty-year lookback period.

On July 23, 2024, the circuit court held a hearing on Coleman's petition to seal her DWI conviction. The court stated that a five-year lookback period was in effect in July 2018 when Coleman committed the DWI offense; hence, she is entitled to have the conviction sealed. The court explained that the law later changed in 2021 to a longer ten-year lookback period for DWI-first offense. The State argued that "since the petition to seal is filed now, then the current look-back period is what would apply." The court disagreed and granted Coleman's petition and entered an order sealing her conviction. The State brought this appeal.

The sole question in this case is whether Coleman's DWI conviction was eligible to be sealed.

The Comprehensive Criminal Record Sealing Act of 2013 ("CCRSA"), codified at Arkansas Code Annotated sections 16-90-1401 et seq.,[2] established a uniform procedure for sealing a person's record and detailed the circumstances in which individuals were eligible to have their records sealed. Section 16-90-1405 of the CCRSA establishes eligibility to file a petition to seal a misdemeanor offense or violation.

The State argues that the provisions of the CCRSA in effect when Coleman filed her petition to seal are what controls here. The State specifically asserts that under Arkansas Code Annotated section 16-90-1405(b)(2), a misdemeanor DWI conviction cannot be sealed until after the applicable lookback periods under Arkansas Code Annotated section 5-65-111[3] expires. The applicable

---

[2](Repl. 2016 & Supp. 2025).
[3](Repl. 2024).

amended version of section 5-65-111 lengthened the lookback period from five years to ten years for a DWI-second through DWI-fifth conviction. Further, the State argues that Arkansas Code Annotated section 5-65-111(h) contains a "restrictive clause" that makes the lengthened lookback period retroactive to offenses such as Coleman's that occurred and reached final adjudication before July 28, 2021.

Coleman argues that a five-year lookback period was in effect in July 2018 when she committed the DWI offense; hence, she is entitled to have the conviction sealed. Specifically, before July 28, 2021, when the amended CCRSA took effect, section 16-90-1405(b)(1)(G) provided that a new uniform petition to seal a misdemeanor violation of section 5-65-103 may not be filed until a period of five years has elapsed since the completion of the person's sentence for the conviction. When she filed the petition to seal, five years had elapsed since Coleman had completed her sentence.

First, we find that both the State and Coleman incorrectly rely on subsection (b) of section 16-90-1405. Arkansas Code Annotated section 16-90-1405, as effective when Coleman committed the misdemeanor offense, provides as follows:

> (a) A person is eligible to file a uniform petition under this subchapter to seal his or her record of a misdemeanor or violation sixty (60) days after:
>
> (1) The completion of his or her sentence for the misdemeanor or violation, including full payment of restitution;
>
> (2) Full payment of court costs;
>
> (3) Full payment of driver's license suspension reinstatement fees, if a driver's license suspension reinstatement fee was assessed as a result of the person's arrest or conviction for the misdemeanor or violation; and
>
> (4) The completion of all other driver's license reinstatement requirements, if a driver's license suspension was imposed as a result of the person's arrest or conviction for the misdemeanor or violation.

(b) There is not a limit to the number of times a person may file a uniform petition to seal his or her record of a misdemeanor or violation, except that the person may not file:

(1) A new uniform petition to seal one of the following criminal offenses until after a period of five (5) years has elapsed since the completion of the person's sentence for the conviction:

(A) Negligent homicide, § 5-10-105, if it was a Class A misdemeanor;

(B) Battery in the third degree, § 5-13-203;

(C) Indecent exposure, § 5-14-112;

(D) Public sexual indecency, § 5-14-111;

(E) Sexual assault in the fourth degree, § 5-14-127;

(F) Domestic battering in the third degree, § 5-26-305; or

(G) A misdemeanor violation of § 5-65-103;

A thorough reading of the statute reveals that subsection (a) pertains to initial petitions to seal the record of a misdemeanor offense or violation, while subsection (b) relates to subsequent or "new" petitions to seal. Because Coleman's petition to seal was an initial petition and not a subsequent petition, subsection (b) is inapplicable.

We next turn to the State's argument that the amended version of the CCRSA should be applied retroactively. Notably, the State does not contend that the whole Act operates retroactively. In the absence of a provision stating that an act will apply retroactively, the act will apply prospectively only.[4] Because the State's retroactivity argument stems specifically and solely from the

---

[4] *State v. Murphy*, 315 Ark. 68, 864 S.W.2d 842 (1993).

provisions of subsection (b), which we have determined is not applicable under these facts, we need not address it further.

Plainly, for sealing eligibility of Coleman's misdemeanor offense, we are directed to look to section 16-90-1405(a) of the CCRSA, which was in effect when Coleman committed the DWI offense. As provided above, it states that a person is eligible to file a petition to seal the record of his or her misdemeanor conviction sixty days after meeting the requirements outlined herein. There is no dispute that Coleman met the requirements, i.e., the petition was filed more than sixty days following the completion of her sentence and payment of all fees, costs, and restitution ordered by the court. Therefore, she was eligible to file the petition and request the sealing of her misdemeanor conviction. Accordingly, we affirm the circuit court's order granting Coleman's petition to seal the record of her misdemeanor DWI conviction.

In affirming, we note that not only did the parties rely on the incorrect subsection of the applicable statute, but the circuit court also mistakenly relied on an incorrect interpretation of the law regarding the sealing of misdemeanor convictions in reasoning that a five-year lookback period applied to Coleman's conviction. The misunderstanding may have arisen from the distinction between the sealing statutes for misdemeanors and for felony offenses. As discussed herein, Arkansas Code Annotated section 16-90-1405 concerns eligibility to file a petition to seal a misdemeanor offense. In contrast, Arkansas Code Annotated section 16-90-1406 details eligibility for sealing the record of a felony conviction. As effective when Coleman committed the offense, it provided in pertinent part:

> (a) Unless prohibited under § 16-90-1408, a person may petition a court to seal a record of a conviction after five (5) years has elapsed since the completion of the person's sentence for:

(1) A Class C felony or Class D felony;

(2) An unclassified felony;

(3) An offense under § 5-64-401 et. seq. That is a Class A felony or Class B felony;

(4) Solicitation to commit, attempt to commit, or conspiracy to commit the substantive offenses listed in subdivisions (1)-(3) of this section; or

(5) A felony not involving violence committed while the person was less than eighteen (18) years of age.

However, Coleman was convicted of a misdemeanor DWI, thus the five-year waiting period did not apply to her; instead, her petition to seal was subject to the sixty-day waiting period stated for misdemeanors.

We also note that, although Coleman was convicted of a misdemeanor offense and filed a petition to seal a misdemeanor DWI conviction, the circuit court entered an order to seal a felony.[5] Accordingly, we affirm but remand to the circuit court with instructions to correct the order to seal to accurately reflect the sealing of Coleman's misdemeanor conviction.

Affirmed; remanded to correct order to seal.

ABRAMSON and THYER, JJ., agree.

*Tim Griffin*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellant.

*Collins, Collins & Ray, P.A.*, by: *Matthew G. French*, for appellee.

---

[5]Coleman was initially charged with two counts of endangering the welfare of a minor, refusal to submit, and DWI-first. The two felony counts of endangering the welfare of a minor were nolle prossed.