UNITED STATES of America, Appellee,

v.

Richard F. SWANGER, Appellant.

UNITED STATES of America, Appellee,

v.

Steven C. GEORGE, Appellant.

UNITED STATES of America, Appellee,

v.

John A. GEORGE, Appellant.

Nos. 90–1583, 90–1658 and 90–1659.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1990.

Decided Nov. 19, 1990.

Mary C. Gryva, Omaha, Neb., for Richard F. Swanger.

Julia A. Frank and Mark J. Slowiaczek, Omaha, Neb., for Steven C. George and John A. George.

Michael P. Norris, Omaha, Neb., for appellee.

Before LAY, Chief Judge, and FAGG, Circuit Judge, and LARSON,* Senior District Judge.

PER CURIAM.

This opinion supplements our order of October 25, 1990. The defendants were sentenced under the Sentencing Guidelines pursuant to 18 U.S.C. § 3553(a)(4) which provides that:

> The court, in determining the particular sentence to be imposed, shall consider—
>
> \*  \*  \*  \*  \*  \*
>
> (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines that are issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(1) and *that are in effect on the date the defendant is sentenced.*

18 U.S.C. § 3553(a)(4) (1989) (emphasis added).

In sentencing the defendants the district court applied the Guidelines containing the November 1, 1989, amendments. On appeal the government has conceded error and agrees that the case should be remanded for resentencing. Because of the government's concession, our previous order failed to specify the reasons for remand. In the present case the sentencing of the three defendants took place subsequent to the effective dates of the amendments to the Guidelines. However, the offenses were committed prior to these amendments. As a result of the district court's use of the amended Guidelines in effect at the time of sentencing instead of those in effect at the time of the offense, the defendants' offense levels were increased. Appellee's Brief at 7–9. Under these circumstances, sentencing under the amended Guidelines violated the ex post facto clause of the Constitution. *See Mil-*

*ler v. Florida,* 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987); *United States v. Suarez,* 911 F.2d 1016, 1021 (5th Cir.1990).

Since the government does not oppose the remand for resentencing, this court now affirms the judgments of conviction but vacates the sentences and remands the cases to the district court for resentencing.

---

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.