STATE of Arkansas *v.* Andre Keith DENNIS

CR 94-439                                    883 S.W.2d 811

Supreme Court of Arkansas
Opinion delivered September 26, 1994

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellant.

*Paul Johnson*, for appellee.

DAVID NEWBERN, Justice. On January 6, 1994, Andre Keith Dennis pleaded guilty to two counts of theft by receiving. His plea was accepted, and sentencing was postponed until February 3, 1994. At the sentencing hearing, Mr. Dennis acknowledged his prior felony convictions and that he was to be sentenced as an habitual offender with more than one but fewer than four such prior convictions. When the Trial Court began to recite the sentence to be imposed, he stated it was to be imprisonment for five years. The deputy prosecutor objected, stating that at the time the crime was committed, July 15, 1992, the law required a minimum sentence of 10 years. The Trial Court pointed out, apparently referring to Ark. Code Ann. § 5-4-501, that the new sentencing law, which would allow a minimum five-year sentence, purports to apply to crimes committed after June 30, 1983, and he proceeded to sentence Mr. Dennis to five years imprisonment. The State has appealed, and we find it necessary to reverse and remand for resentencing.

The State's appeal is based on Ark. R. Crim. P. 36.10(c) which permits the State to appeal if the Attorney General is satisfied that error has occurred in a criminal prosecution and the error is both prejudicial to the State and that the "correct and uniform administration of the criminal law requires review by the Supreme Court. . . ." As will be explained below, we have already decided the issue presented in this case and thus have created a precedent which will assure the correct application of the law. We permit this appeal, however, as it will foster uniform application of the law with respect to sentencing. *State* v. *Williams*, 315 Ark. 464, 868 S.W.2d 461 (1994).

The Trial Court did not, at the time sentencing occurred, have the benefit of our decision in *Neely* v. *State*, 317 Ark. 312, 877 S.W.2d 589 (1994), which was not handed down until June 13, 1994, over four months later. In the *Neely* case we held the General Assembly, in Acts 532 and 550 of 1993, codified in § 5-4-501, did not intend to apply the new, reduced sentences specified in those Acts to felonies committed after June

30, 1983, but that its intent was to make them applicable to felonies committed after June 30, 1993.

■ The State correctly cites the *Neely* case as well as other recent cases in which we have made it very clear that the law in effect at the time of the commission of a crime applies to determine the sentence to be imposed. *State* v. *Murphy*, 315 Ark. 68, 864 S.W.2d 842 (1993); *State* v. *Galyean*, 315 Ark. 699, 870 S.W.2d 706 (1994); *State* v. *Williams, supra.*

Without acknowledging those cases, Mr. Dennis challenges the proposition for which they stand. He argues a defendant is entitled to be sentenced under either the law in effect at the time of commission of the crime or that in effect at the time of sentencing, whichever is more lenient. For that proposition he cites *United States* v. *Swanger*, 919 F.2d 94 (8th Cir. 1990), and *United States* v. *Bell*, 991 F.2d 1445 (8th Cir. 1993).

The *Swanger* and *Bell* cases hold it is a violation of the constitutional prohibition of *ex post facto* legislation to apply a law creating a harsher sentence than the one in effect at the time the crime in question was committed. The cases cited by Mr. Dennis are thus consistent with our rule requiring application of the sentencing law in effect at the time the crime was committed.

■ As we observed in *State* v. *Townsend*, 314 Ark. 427, 863 S.W.2d 288 (1993), a remand for resentencing does not violate the rule against double jeopardy. We therefore reverse the judgment to the extent of holding the sentence imposed was improper and remand for resentencing.

Reversed and remanded.