STATE of Arkansas *v.* Frank KINARD

CR 94-896                                     891 S.W.2d 378

Supreme Court of Arkansas
Opinion delivered January 30, 1995

*Winston Bryant,* Att'y Gen., by: *Clint Miller,* Acting Deputy Att'y Gen., for appellant.

No brief filed.

ROBERT L. BROWN, Justice. This is a one-brief case. The State brings this appeal pursuant to Ark. R. Crim. P. 36.10 on the basis that the correct and uniform administration of the criminal law requires our review. The State contends that the trial court sentenced appellee Frank Kinard illegally in that the sentence imposed was for less than the minimum number of years required for a habitual offender with Kinard's criminal record. We agree, and we reverse and remand.

On August 10, 1993, the State filed a felony information against Kinard, accusing him of raping a girl less than fourteen years of age on or about June 11, 1993. The information also charged Kinard as a habitual offender with more than one but less than four previous felony convictions. On May 16, 1994, Kinard executed a guilty plea statement which stated that he could receive a sentence of from ten years to sixty years, or life, in the state penitentiary. Also, at the ensuing guilty plea hearing that same day, the trial court told Kinard that he could receive from ten to sixty years, or life, as a repeat offender. The State did not object to the court's statement at that hearing, although the reference to the minimum sentence was in error. Later that same day, the State did move to correct the range of punishment to show that the minimum sentence available at the time the crime was committed was twenty years under Ark. Code Ann. § 5-4-501 (1987) — not ten. The defendant responded that a new statute was in effect lessening the minimum penalty to ten years, and that because the penalty was reduced, the new statute could be applied retroactively. Kinard did not request to withdraw his guilty plea.

Almost a month later on June 13, 1994, the trial court conducted a sentencing hearing for Kinard. At that hearing, the court heard testimony and arguments by counsel and ultimately determined to sentence Kinard to eighteen years imprisonment, over the State's objection. At the same hearing, defense counsel noted for the record that she had informed Kinard that the State could appeal the sentence and that upon reversal he could receive twenty years or more. Kinard, again, did not move to withdraw his guilty plea, and he does not raise the issue of withdrawing his plea in this appeal.

We begin by agreeing with the State that the question before us — the retroactive application of a new and reduced criminal penalty — is important to the correct and uniform administration of criminal law in this state. Having said that, we note that the issue in this case has been previously decided. *See State v. Dennis*, 318 Ark. 80, 883 S.W.2d 811 (1994); *Neely v. State*; 317 Ark. 312, 877 S.W.2d 589 (1993). The trial court undoubtedly did not have the benefit of our decision in *Neely v. State, supra*, when he rendered his decision. The *Neely* decision addresses this same issue and was handed down on the same date as the sentencing hearing held in this case.

In *Dennis*, this court stated that the "law in effect at the time of the commission of a crime applies to determine the sentence to be imposed." 318 Ark. at 82, 883 S.W.2d at 812. This court also held in both *Dennis* and *Neely* that the General Assembly intended Acts 532 and 550 of 1993, codified at Ark. Code Ann. § 5-4-501 (Repl. 1993), which impose a ten year minimum sentence for habitual offenders with more than one but less than four felony convictions, to apply only to felonies committed after June 30, 1993.

In the case at hand, the charged crime to which Kinard pled guilty occurred on June 11, 1993, which is before the effective date of Acts 532 and 550. Hence, the trial court erred in applying the penalties under the amended Habitual Offender Act to this fact situation. Accordingly, we reverse the judgment in this case solely with respect to the improper sentence, and we remand the case for resentencing with instructions to sentence Kinard in accordance with Ark. Code Ann. § 5-4-501, as it existed on the date of the rape. As we have held in previous cases with analogous facts, a remand for resentencing does not violate the rule against double jeopardy. *State* v. *Dennis, supra; State* v. *Townsend*, 314 Ark. 427, 863 S.W.2d 288 (1993).

Reversed and remanded.