2011 Ark. 91

**STATE of Arkansas, Appellant,**

v.

**Loretta THREADGILL, Appellee.**

**No. CR 10–872.**

Supreme Court of Arkansas.

March 3, 2011.

Dustin McDaniel, Att'y Gen., by: Valerie Glover Fortner, Ass't Att'y Gen., for appellant.

Brandy Turner, and Clint Miller, Deputy Public Defenders, for appellee.

ROBERT L. BROWN, Justice.

This is an interlocutory appeal by the State of Arkansas from a circuit court

order granting appellee Loretta Threadgill's motion to suppress. The State asserts that this court has jurisdiction under Arkansas Rule of Appellate Procedure–Criminal 3(a) (2010), which allows interlocutory appeals on behalf of the State from pretrial orders in a felony prosecution which grant motions to suppress seized evidence under Arkansas Rule of Criminal Procedure 16.2. We hold that this court lacks subject-matter jurisdiction over this matter because the circuit court's order was based on the particular facts of this case, and, accordingly, the correct and uniform administration of criminal law does not require the court's review, as required by Arkansas Rule of Appellate Procedure–Criminal 3(c). We dismiss the appeal.

At issue in this State appeal is whether the search warrant described the premises to be searched with particularity, which is mandated by Arkansas Rule of Criminal Procedure |₂13.2(b) (2010). The facts in the case were established at the June 18, 2010 hearing on Threadgill's motion to suppress and by the affidavit filed in support of the search warrant. Pulaski County Sheriff's Department Investigator Marco Medina was approached by a confidential informant who told him that crack cocaine could be purchased from Tyrone Nutt. The informant told Medina that Nutt lived in the area of 25th Street and Lewis Street in Little Rock and described how such a purchase would take place. The informant then positively identified a picture of Nutt. On August 18, 2009, Medina arranged for the informant to execute a controlled buy from the residence. Medina followed the informant to a home on West 25th Street, and Medina and a surveillance unit watched as the informant entered and exited the home. After these events, the informant met Medina at a predetermined location where the informant gave Medina a substance purchased at the home. Field testing of the substance confirmed that it was crack cocaine.

On August 19, 2009, a second controlled buy was set up for the same house. The informant was taken to the home on West 25th Street, and Medina testified that he waited down the street while the informant went inside the residence. After the second controlled buy, the informant again returned with a substance that field tested positive as crack cocaine. At that point, Medina filled out an affidavit for a search warrant. In his affidavit, he identified a home with an address of "4218 W. 25th Street, Little Rock," and with an elevated concrete porch. A search warrant was issued based on Medina's affidavit. The search warrant described the place to be searched as:

|₃A single family residence, white in color, commonly refered (sic) to as 4218 W. 25th Street, Little Rock, Pulaski County, Arkansas. The residence is on the north side of the roadway with the front of the residence facing south. An elevated concrete porch is affixed to the front of the residence adjacent to the front door of the residence. The numbers 4218 are clearly visible on the east side of the front porch.

On September 3, 2009, the search warrant was executed by Investigator Medina and SWAT team officers. Two grams of crack cocaine were seized from the residence as a result of the search.

After the search, Threadgill and Nutt were both arrested. Both were charged with possession of a controlled substance with intent to deliver, possession of drug paraphernalia, maintaining a drug premises, and two counts of endangering the welfare of a minor in the first degree. Threadgill moved to suppress the evidence obtained from the search pursuant to Arkansas Rule of Criminal Procedure 16.2

and claimed that police officers entered her property without a sufficient search warrant and without any exigent circumstances justifying a warrantless entry.[1] As a result, she maintained that the search was presumptively unreasonable.

The circuit court held a hearing on Threadgill's motion to suppress. At the hearing, both Investigator Medina and Threadgill testified. Medina stated that he drove the SWAT team to the residence where the informant had purchased crack cocaine and executed the search warrant. Medina further testified that after the warrant was served on that residence, he noticed that the address was actually 4210 W. 25th Street, not 4218 W. 25th Street as set out in his affidavit and the search warrant. When asked about the discrepancy, Medina testified that after the informant left the residence, he drove by the house quickly and simply misread the address as 4218.

Following this testimony, the circuit court heard testimony from Threadgill. She testified that she had lived at 4210 W. 25th Street for approximately three months before the search. She added that she lived there with her children, her children's grandmother, and a friend. She stated that Nutt did not live at the residence but came by occasionally to visit their children. Threadgill also identified some pictures of her home that showed her elevated front porch as wood, not concrete, and she identified some pictures of the house next door to her home, which was 4218 W. 25th Street. She pointed out that the 4218 residence is a tan home with brick around the front and a small front porch made of concrete. The 4218 house also had a side door with a concrete porch and the numbers 4218 affixed to the right of the front door and porch.

After hearing the testimony and examining the pictures of the two houses at the suppression hearing, the circuit court heard arguments of counsel. The State contended that although the search warrant identified the wrong address, the remaining description of the residence in the search warrant satisfied the requirement for particularity for the place to be searched. Specifically, the State referred the circuit court to *Walley v. State*, 353 Ark. 586, 112 S.W.3d 349 (2003), in which this court held that a minor discrepancy in the physical description of the property to be searched is not normally fatal. *Id.* at 607, 112 S.W.3d at 361. The State added that the police officers would not have been able to see the wooden boards on Threadgill's porch but that the search warrant described an elevated concrete porch and her home had an elevated porch. Further, the State claimed that the search warrant identified a white house, which was the color of Threadgill's home, not a tan and brick one like the house next door. Threadgill's counsel countered that the search warrant referred to the house next to Threadgill's and that the description given could just as easily have applied to that house and not to her home. Following the hearing, the circuit court granted Threadgill's motion to suppress the crack cocaine seized from her home.[2] An order to that effect was entered on June 24, 2010.

1. Although Threadgill's motion alleged that police officers conducted a "warrantless" search of her home, it is clear from the hearing that her argument was that the warrant was ineffective because it referred to the wrong street address and did not identify her home with particularity.

2. The court orally denied the motion to suppress the same evidence with respect to Nutt because he had no standing to contest the search. That issue is not part of Threadgill's appeal.

Under Arkansas Rule of Appellate Procedure–Criminal 3(a) (2010), the State may take an interlocutory appeal "only from a pretrial order in a felony prosecution which (1) grants a motion under Ark. R.Crim. P. 16.2 to suppress seized evidence." Rule 3(c) provides:

> When a notice of appeal is filed pursuant to either subsection (a) or (b) of this rule, the clerk of the court in which the prosecution sought to be appealed took place shall immediately cause a transcript of the trial record to be made and transmitted to the attorney general, or delivered to the prosecuting attorney, to be by him delivered to the attorney general. If the attorney general, on inspecting the trial record, is satisfied that error has been committed to the prejudice of the state, and that *the correct and uniform administration of the criminal law requires review by the Supreme Court,* he may take the appeal by filing the transcript of the trial record with the clerk of the Supreme Court within sixty (60) days after the filing of the notice of appeal.

(Emphasis added.)

The State urges that this court has jurisdiction to hear this appeal because the circuit court erred by interpreting Arkansas Rule of Criminal Procedure 13.2(b) with respect to the particularity requirement and ignored controlling case law, which holds that highly technical attacks on search warrants based on minor discrepancies in a property's physical description are neither favored by this court nor fatal to the warrant's validity. We disagree.

As this court has frequently observed, there is a significant and inherent difference between appeals brought by criminal defendants and those brought on behalf of the State. *See, e.g., State v. Boyette,* 362 Ark. 27, 207 S.W.3d 488 (2005); *State v. Pruitt,* 347 Ark. 355, 64 S.W.3d 255 (2002). The former is a matter of right, whereas the latter is not derived from either the United States or Arkansas Constitution, nor is it a matter of right but is granted pursuant to Rule 3. *State v. Nichols,* 364 Ark. 1, 4, 216 S.W.3d 114, 116 (2005). Under Rule 3, we accept appeals by the State when our holding would be important to the correct and uniform administration of the criminal law. *Id.*

As a matter of practice, this court has only taken State appeals that are narrow in scope and involve the interpretation of the law. *Nichols,* 364 Ark. at 4, 216 S.W.3d at 116. This court does not permit State appeals merely to demonstrate the fact that the trial court erred. *Id.* Where the resolution of the issue on appeal turns on the facts unique to the case, the appeal is not one requiring interpretation of our criminal rules with widespread ramification, and the matter is not appealable by the State. *Id.* (citing *State v. Williams,* 348 Ark. 585, 75 S.W.3d 684 (2002)). This court has added that it will not even accept mixed questions of law and fact on appeal by the State. *Nichols,* 364 Ark. at 4, 216 S.W.3d at 116. Furthermore, we will not accept an appeal by the State where the circuit court has acted within its discretion after making an evidentiary decision based on the particular facts of the case or even a mixed question of law and fact. *Id.* at 4, 216 S.W.3d at 117.

We conclude that the issue raised by the State in the case at hand does not impact the uniform and correct administration of law. Rather, this case concerns a circuit court acting within its discretion to make an evidentiary decision after considering the particular facts and circumstances of this case. Indeed, the circuit court's order granting Threadgill's motion to suppress says "based upon the evidence

and testimony introduced at the hearing held June 18, 2010, the pleadings of the parties, and argument of counsel." Hence, it is clear that the court's decision was premised on the facts of this particular case.

Our jurisprudence is not at odds with our decision today. In *Nichols*, for example, this court refused jurisdiction over an appeal by the State when the underlying issue was whether exigent circumstances compelled a warrantless entry into the appellees' home. *Nichols*, 364 Ark. at 1, 216 S.W.3d at 115. In that case, a law enforcement officer had looked through the window of the house and observed a meth lab in operation. *Id.* at 2, 216 S.W.3d at 115. After detailing the circumstances surrounding the officer's entry into the home, this court decided ⌞8that jurisdiction was improper under Rule 3 for two reasons. First, the circuit court's decision to exclude the evidence obtained from the warrantless search necessarily turned on the circuit court's determination of the credibility of the officer. *Id.* at 5, 216 S.W.3d at 117. This court, of course, does not weigh or decide the credibility of witnesses. *Id.* (citing *Jackson v. State*, 359 Ark. 87, 194 S.W.3d 757 (2004)). As a second point, we noted that the issues surrounding the entry were mixed questions of law and fact and that this court does not accept appeals by the State involving such mixed questions. *Nichols*, 364 Ark. at 5, 216 S.W.3d at 117.

Likewise, in *State v. Howard*, 341 Ark. 640, 19 S.W.3d 4 (2000), cited in *Nichols*, this court lacked jurisdiction over a State appeal where the underlying issue was the adequacy of a property description in a search warrant. The search warrant in that case failed to include an address for a piece of rural property that was searched by police officers but did include a general description of the property. The circuit court found that the search warrant was invalid due to its inaccurate property description. That court specifically found that the warrant was defective "for failure to particularly describe the place to be searched and the things to be seized as required by ARCrP 13.2(b)(iii)." *Howard*, 341 Ark. at 646, 19 S.W.3d at 8. Much as in the instant case, the State claimed in *Howard* that the circuit court misinterpreted the Arkansas Rules of Criminal Procedure, that the attack was a technical attack on the search warrant, and that the property description given otherwise adequately identified the property to be searched. *Id.* at 646, 19 S.W.3d at 9. This court refused jurisdiction, however, and dismissed the appeal, holding that an appeal that raises the issues ⌞9of application, not interpretation, of our criminal rules does not involve the "correct and uniform administration" of justice or the criminal law. *Id.* at 648, 19 S.W.3d at 10.

The State now urges in the case before us that this court has jurisdiction because the circuit court interpreted the same rule of criminal procedure, Rule 13.2(b)(iii), too narrowly in its ruling and that interpretation affects the uniform administration of justice. In this regard, the State points this court to *State v. Earl*, 333 Ark. 489, 970 S.W.2d 789 (1998), in which this court accepted jurisdiction of the State's appeal after the circuit court granted a motion to suppress evidence found in the defendant's truck following a traffic stop. The issue in *Earl*, however, was one of interpreting Arkansas Rules of Criminal Procedure 5.4 and 4.1. Furthermore, the opinion recognized that the case was not only about interpretation and application of the rules of criminal procedure, but would establish "important precedent." *Id.* at 492, 970 S.W.2d at 790. The *Earl* opinion, in fact, recognized that this court had not made a direct statement on the issue presented or clarified Arkansas's law in regard to war-

rantless searches of vehicles following a traffic stop. In contrast, the issue before us today involving the particularity of facts set out in search warrants is not a novel issue for this court or one of first impression.

The State further relies on our holding in *Walley v. State*, 353 Ark. 586, 112 S.W.3d 349 (2003), to support its contention that an incorrect physical address does not make a search warrant invalid per se. In *Walley*, the search warrant listed the physical address as 40 Nick Springs Road, rather than 440 Nick Springs Road, and this court ultimately decided not to ⌐₁₀suppress the search following a direct appeal by the defendant. As the *Walley* case did not involve a State appeal, there was no analysis of Rule 3 and the jurisdictional point upon which the instant case turns. Accordingly, the *Walley* case is not precedent for this State appeal.

The circuit judge in the case before us weighed the facts and the credibility of the witnesses and decided that the description of Threadgill's home was not made "with particularity," as Rule 13.2(b) mandates. The State essentially contests the circuit court's finding that the facts set out in the search warrant were not particular enough. That argument by the State merely emphasizes the point that this case was decided on its unique facts and does not involve the interpretation of the law or the uniform administration of justice, as required under Rule 3(c). As this court historically has not recognized appeals from the State which are grounded on the particular facts of the case, we dismiss this appeal.

Dismissed.