PAUL E. DANIELSON, Associate Justice | jAppellant State of Arkansas appeals from the order of the Searcy County Circuit Court granting a motion to suppress by appellee Mark E. Payton. The State’s sole contention on appeal is that the circuit court erred in granting the motion on the basis that Payton’s rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), were violated. We dismiss the appeal. Payton was charged with sexual assault in the fourth degree and moved to suppress a statement that he had given, asserting that he had not been advised of his Miranda rights prior to being interviewed.[1] At the hearing on Payton’s suppression motion, Todd Shaw, a sergeant of the Arkansas State Police, testified for the State. 12Sergeant Shaw testified that, on September 21, 2013, he responded to a request for assistance from the Searcy County Sheriffs Office regarding a possible overdose by a minor female fourteen years of age. After arriving at the hospital in Harrison, Arkansas, where the minor was receiving treatment, Sergeant Shaw made contact with the mother of the minor, who was at the hospital, as was Payton, who was twenty-one years old. Shaw testified that in the course of his investigation, he decided to interview Payton about what had happened; he later explained that the minor’s mother had identified Payton to him and that he had also been informed that Payton had been in the minor’s company the evening before. He further testified that prior to interviewing Payton, the investigation had turned into a “sexual investigation.” Shaw testified that he approached Pay-ton, identified himself and said something to the effect of, “I need to speak to you for a little bit”; they then went to his unmarked police car, which was parked in the hospital lot.[2] According to Shaw, he had informed Payton that Payton was under no obligation to speak with him; yet, Payton spoke with him nonetheless. Shaw testified that they spoke inside his vehicle, which was unlocked and had the windows partially rolled down, and that their conversation lasted just slightly longer than one hour. Shaw stated that Payton neither attempted to leave nor indicated that he needed to, but had he tried, Shaw would have permitted him to do so. Shaw denied ever telling Payton |3that he was in custody or that he had an obligation to speak with him, nor did Shaw arrest him at the conclusion of the interview. He did, however, admit that Payton was possibly a suspect or a person of interest at the time of the interview. Shaw further testified that, while he did not Mirandize Payton because “he was not under arrest,” he did, at some point later in the interview, ask Payton to sign a consent form to obtain a DNA sample from him, to which Payton agreed. He further acknowledged that some forty-five minutes into the interview, Payton asked him if he was recording the interview, which Shaw was, and that Pay-ton commented that he had thought the conversation was between just the two of them. At the conclusion of Shaw’s testimony, the circuit court took the motion under advisement. On June 11, 2014, the circuit court filed a letter opinion granting Payton’s motion to suppress. In it, the circuit court concluded that “the State Police Investigator had sufficient information to believe that the defendant may have been involved or had knowledge of the drug overdose or the sexual activity [so as] ... to say that the line between investigation and accusation had been crossed.” In a motion for reconsideration of the circuit court’s decision, the State asserted that whether Payton could be considered a suspect had no bearing on whether Miranda applied. It contended that the appropriate inquiry was whether Payton was in custody at the time of the interview, and the State asked that the court reconsider its ruling in light of that inquiry and requested a ruling from the court “stating: (1) whether custody is a requirement of Miranda and (2) if the Defendant was in custody at the time of his interview with Special [4Agent Shaw.” Payton responded that any further specificity concerning the circuit court’s decision was unnecessary. The circuit court subsequently entered an order on August 5, 2014, finding as follows: 1. There is a separation between the investigatory examination and the accusatory examination, and once the examination has developed into an accusatory examination a Defendant must be apprised of his or her rights before any statement can be elicited. 2. Based upon the testimony, it is reasonably clear that when Investigator Todd Shaw of the Arkansas State Police arrived at the hospital he knew the following factors: a. A fourteen (14) year old female victim had overdosed and had been admitted to the hospital. b. There was evidence of recent sexual activity with the victim. c. That her mother had delivered the fourteen (14) year old victim to a house in Marshall, Arkansas. d. The victim had been picked up by Defendant, Mark Payton. e. That a sexual assessment kit had been ordered for the victim. 3. Investigator Todd Shaw of the Arkansas State Police had sufficient information to reasonably believe Defendant had been involved or may have had knowledge of the drug overdose of the victim and/or sexual activity with the victim. 4. Investigator Todd Shaw of the Arkansas State Police had possession of sufficient information to understand and determine the line between investigation and accusation had been crossed, and the Court rejects the State’s theory that Investigator Todd Shaw just wanted to talk to Defendant. 5. Defendant was released by Investigator Todd Shaw of the Arkansas State Police without being arrested, however, by that time a constitutional violation had occurred with Defendant having not been apprised of his constitutionally protected rights. 6. Based upon the foregoing, Defendant’s Motion to Suppress Statements made by Defendant to Investigator Todd Shaw of the Arkansas State Police be, and hereby is granted. The State now brings this interlocutory appeal from the circuit court’s order. As an initial matter, this court must consider whether the instant State appeal is a proper one under Rule 3 of the Arkansas Rules of Appellate Procedure-Criminal. Pursuant |sto Rule 3, the State may take an interlocutory appeal “from a pretrial order in a felony prosecution which ... gi’ants a motion under Ark. R.Crim. P. 16.2 to suppress . seized evidence.” Ark. R. App. P. — Crim. 3(a)(1) (2014). As this court has frequently observed, there is a significant and inherent difference between appeals brought by criminal defendants and those brought on behalf of the State. See State v. Crane, 2014 Ark. 443, 446 S.W.3d 182; State v. Williams, 2013 Ark. 164, 2013 WL 1694914. The former is a matter of right, whereas the latter is not derived from the constitution, nor is it a matter of right, but is granted pursuant to Rule 3. See State v. Myers, 2012 Ark. 453, 2012 WL 6061932. Under Rule 3, we accept appeals by the State when our holding would establish important precedent or would be important to the correct and uniform administration of the criminal law. See id. We only take appeals that are narrow in scope and involve the interpretation of the law. See id. Where the resolution of the issue on appeal turns on the facts unique to the case, the appeal is not one requiring interpretation of our criminal law with widespread ramifications, and the matter is not appealable by the State. See id. Nor will this court permit a State appeal merely to demonstrate that the circuit court erred. See State v. Jenkins, 2011 Ark. 2, 2011 WL 143571. Finally, this court will not accept an appeal by the State where the circuit court has acted within its discretion after making an evidentiary decision based on the particular facts of the case or even a mixed question of law and fact, as those appeals do not require interpretation of our criminal rules with widespread ramifications. See id. The State claims that the instant appeal involves “whether an individual must be advised of the procedural safeguards under Miranda v. Arizona, 384 U.S. 436, 478-79, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) |fiat the point in questioning when police consider an individual as a suspect even though she or he is not in custody.” As we see it, however, the issue, more simply stated, is whether the protections of Miranda applied to the circumstances surrounding Payton’s interview by Sergeant Shaw. This court has previously held that the issue of whether a person is in custody for purposes of Miranda is a 1 mixed question of law and fact. See Jenkins, 2011 Ark. 2, 2011 WL 143571 (citing Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457, 183 L.Ed.2d 383 (1995)). See also State v. Wright, 2014 Ark. 266, 436 S.W.3d 136 (holding that where the issues on appeal involved the application, not the interpretation, of laws regarding custodial interrogation, Miranda rights, and voluntary confessions, the matter turned on mixed questions of law and fact, and the correct and uniform administration of justice was not at issue); State v. Guthrie, 341 Ark. 624, 19 S.W.3d 10 (2000) (rejecting as an improper basis for the State’s appeal under Rule 3 the State’s argument that, based on the facts and circumstances of the case, the circuit court incorrectly applied the law). In this State appeal, we would be called upon to determine whether the circuit court erroneously applied the law,, Miranda, to the facts, which the State claims demonstrate that Payton was not in custody at the time of his interview. Because the necessary inquiry in this case involves a mixed question of law and fact, it is an appeal not requiring the interpretation of our criminal rules with widespread ramifications.[3] Accordingly, we dismiss the appeal. 17Appeal dismissed. Goodson and Wood, JJ., dissent. . Payton additionally argued that his statement had been obtáined by coercion and intimidation and was not voluntarily made. . Shaw testified that, prior to his approaching Payton to speak with him, Payton had actually approached him upon his arrival at the hospital. Shaw said that at that time he told Payton he "would have to get with him in a little bit.” . Contrary to the dissent’s claims otherwise, ■ the instant appeal by the State involves not an erroneous interpretation of Miranda by the circuit court in the first instance, but whether the circuit court erred in its application of Miranda to the facts before it. Because the issue of whether Miranda warnings were required necessarily turned on the facts involved, the instant appeal is one quite clearly involving a mixed question of fact and law. But, in addition, this court has previously decided the very issue raised by the State, and, as already set forth, we will not accept a State appeal merely to show that the court erred. See State v. Spencer, 319 Ark. 454, 892 S.W.2d 484 (1995) (holding that the circuit court misinterpreted Miranda to require its safeguards whenever an investigation focuses on an individual as a suspect, yet curiously omitting any discussion of the propriety of the State’s appeal). Indeed, our precedent in Spencer belies any notion that a decision of the State’s appeal in this case would have widespread ramifications as the issue has already been settled. See State v. Threadgill, 2011 Ark. 91, 382 S.W.3d 657 (noting the distinction between a proper State appeal presenting an issue on which this court had not made a direct statement and one involving an issue not novel for this court or of first impression); State v. Johnson, 2010 Ark. 77, 360 S.W.3d 104 (accepting a State appeal involving an issue on which there were no Arkansas cases precisely on point). But see State v. Dennis, 318 Ark. 80, 883 S.W.2d 811 (1994) (permitting a State appeal notwithstanding precedent to foster uniform application with respect to sentencing); State v. Williams, 315 Ark. 464, 868 S.W.2d 461 (1994) (permitting appeal, despite precedent, to perpetuate uniformity in sentencing). To reiterate, the State’s right to appeal is extremely limited, and its appeal will be accepted only when our holding will establish precedent important to the correct and uniform administration of justice. See State v. Pruitt, 347 Ark. 355, 64 S.W.3d 255 (2002). This is not such an appeal because we already have well-settled and controlling authority in this area of the law.