SLIP OPINION

Cite as 2016 Ark. 177

# SUPREME COURT OF ARKANSAS

No. CR–15–770

| | | |
|---|---|---|
| STATE OF ARKANSAS | | **Opinion Delivered** April 21, 2016 |
| | APPELLANT | |
| V. | | APPEAL FROM THE CARROLL COUNTY CIRCUIT COURT [NO. CR–2013-50 WD] |
| JASON SPRENGER | | |
| | APPELLEE | HONORABLE SCOTT JACKSON, JUDGE |
| | | APPEAL DISMISSED. |

**JOSEPHINE LINKER HART, Associate Justice**

The State of Arkansas has filed an interlocutory appeal from a Carroll County Circuit Court order granting Jason Sprenger's motion to suppress ten pornographic images of children discovered during a search of Sprenger's home. On appeal, the State argues that the circuit court erred as a matter of law because "the time of the inculpatory information is not an essential element of probable cause," and the evidence was admissible under the good-faith exception to the exclusionary rule. Because this is not a proper State appeal, we dismiss.

On March 14, 2013, officers from the Carroll County Sheriff's Department executed search warrants at Sprenger's business and residence. The warrants were based on information acquired during a November 19, 2012 interview with a fifteen-year-old female, J.M., who claimed that Sprenger performed oral sex on her and took nude photographs of her with his cell phone. Computers, cameras, and various storage media for VHS and digital

images were seized pursuant to the warrant. Examination of the devices and electronic storage media yielded ten images of persons alleged to be from ten and sixteen years old, though none of the images were of J.M. On August 21, 2013, Sprenger was charged with rape and possession of child pornography.

Sprenger moved to suppress the fruit of the search. At the hearing on his motion, Corporal Mark Bailey testified that when he heard J.M.'s allegations, he took her for a forensic interview at a child-advocacy center, Grandmother's House. Bailey stated that he watched the interview. J.M., who was then fifteen years old, recounted that when she was in the fifth and sixth grades, Sprenger was living with her mother. She claimed that when she was ten or eleven years old, Sprenger performed oral sex on her five or six times. Sprenger also had her pose nude for photographs.

After consulting with Benton County prosecutors, Corporal Bailey prepared affidavits to support the applications for search warrants for Sprenger's home and business. He presented the applications to then Circuit Judge Crow at a Mexican restaurant, who relied on the affidavits to issue the warrants. The affidavits, which were admitted into evidence at the hearing, contained no time references regarding when the rape or the picture-taking took place. The only date references in the affidavits were the dates of the November 2012 interviews and J.M.'s age at the time of those interviews. The affidavits did not state that the incidents took place four to five years before the interviews.

Officer Daniel Klatt testified that he helped prepare the warrants. He admitted that he did not hear J.M.'s interview but supplied expertise in computer and digital forensics. In

his experience, child pornographers "value their stash of child pornography, over and above anything else." He testified further that a child pornographer keeping material for ten to twelve years would not be unusual.

The circuit court initially denied Sprenger's motion to suppress but reconsidered and ruled in Sprenger's favor. It found that the absence of time references to when the alleged criminal conduct occurred in the affidavits supporting the application for the warrants made the warrants invalid.

Prior to examining the merits of any State appeal, we must first determine whether it is a proper State appeal. *State v. Tyson*, 2012 Ark. 107, 388 S.W.3d 1. Arkansas Rule of Appellate Procedure–Criminal 3(a)(1) provides that "[a]n interlocutory appeal on behalf of the state may be taken only from a pretrial order in a felony prosecution which (1) grants a motion under Ark. R. Crim. P. 16.2 to suppress seized evidence [.]" *State v. Threadgill*, 2011 Ark. 91, 382 S.W.3d 657 (citing Ark. R. App. P.–Crim. 3(a)(1) (2011)). The Rule further states as follows:

> (d) The Supreme Court will not consider an appeal filed under either subsection (a)(1) or (2) or subsection (b) of this rule unless the correct and uniform administration of the criminal law requires review by the court.

Ark. R. App. P.–Crim. 3(d). While a criminal defendant has a constitutional right to appeal, appeals in criminal matters brought by the State are authorized only by Rule 3 of the Arkansas Rules of Appellate Procedure–Criminal. *State v. Jones*, 2012 Ark. 454. In addition, we accept appeals by the State when our holding would be important to the correct and uniform administration of the criminal law. *Id.*

SLIP OPINION

Typically, this court decides appeals brought by the State in criminal cases only when the issue is "narrow in scope" and involves the interpretation of law. *Threadgill*, 2011 Ark. 91, 382 S.W.3d 657. We do not permit State appeals merely to demonstrate the fact that the circuit court erred. *Id*. Accordingly, we dismiss those appeals that do not present an issue of interpretation of the criminal rules with widespread ramifications, or those appeals where the resolution of the issue turns on the facts unique to the case or involve a mixed question of law and fact. *Id*. Additionally, when an appeal merely raises an issue of the application, not interpretation, of a criminal rule or statutory provision, we deem it to not involve the correct and uniform administration of the criminal law and thus not within the ambit of permissible State appeals under Rule 3. *Id*.

While the State attempts to characterize its appeal as a question of law, the question before us is essentially whether a time reference to when the alleged criminal activity took place was essential information that a magistrate would need to make a common-sense determination that the contraband sought would be on the premises when the warrant was executed. *See United States v. Grubbs*, 547 U.S. 90, 96 (2006). In pertinent part, Rule 13.1 of the Arkansas Rules of Criminal Procedure sets forth the requirements of the issuance of a search warrant:

(a) A search warrant may be issued only by a judicial officer.

(b) The application for a search warrant shall describe with particularity the persons or places to be searched and the persons or things to be seized, and shall be supported by one (1) or more affidavits or recorded testimony under oath before a judicial officer particularly setting forth the facts and circumstances tending to show that such persons or things are in the places, or the things are in possession of the person, to be

searched. If an affidavit or testimony is based in whole or in part on hearsay, the affiant or witness shall set forth particular facts bearing on the informant's reliability and shall disclose, as far as practicable, the means by which the information was obtained. An affidavit or testimony is sufficient if it describes circumstances establishing reasonable cause to believe that things subject to seizure will be found in a particular place. Failure of the affidavit or testimony to establish the veracity and bases of knowledge of persons providing information to the affiant shall not require that the application be denied, if the affidavit or testimony viewed as a whole, provides a substantial basis for a finding of reasonable cause to believe that things subject to seizure will be found in a particular place.

Because the decision to issue a warrant is typically, as in the case before us, a highly fact-intensive process, we hold that this appeal by the State is improper. *See Threadgill*, *supra*.

The State's second point, that even if the information in the affidavit was insufficient, the search should nonetheless not be suppressed because the police acted in good faith, is likewise not proper for a State appeal. Because the issue presented, whether the police officers acted in good faith in executing the search warrant, involves a mixed question of law and fact, this case does not involve an interpretation of our rules with widespread ramifications. Accordingly, this point is not proper for a State appeal. *State v. Hart*, 329 Ark. 582, 952 S.W.2d 138 (1997).

Appeal dismissed.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellant.

*Chris Flanagin*, for appellee.