SLIP OPINION

Cite as 2017 Ark. 257

# SUPREME COURT OF ARKANSAS

No. CR–17–239

|  |  |  |
|---|---|---|
| | | **Opinion Delivered:** September 21, 2017 |
| STATE OF ARKANSAS | APPELLANT | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. 17CR-01-109] |
| V. | | |
| RICKEY DALE NEWMAN | APPELLEE | HONORABLE FLOYD G. ROGERS, JUDGE |
| | | APPEAL DISMISSED. |

**SHAWN A. WOMACK, Associate Justice**

The State of Arkansas appeals an order from the Crawford County Circuit Court granting Newman's motion to suppress two statements he made on March 1 and March 7, 2001. The State argues that the circuit court erred because it did not consider the totality of the circumstances and only considered his mental incompetency when making its ruling. We dismiss the appeal as improper under our rules.

We previously reversed the circuit court's denial of Newman's petition for a writ of error coram nobis and remanded the case for a new trial. *Newman v. State*, 2014 Ark. 7. Thereafter, Newman filed a motion to suppress a series of statements he made from March 2, 2001, to May 9, 2002, due to his mental incompetency; Newman attached the interrogation transcript of the recorded statement he gave on March 2, 2001, to his motion.[1]

---

[1] The challenged statements are (1) the video-recorded and written statements of the police interview on March 2, 2001; (2) an oral statement made on March 7, 2001; (3) an

SLIP OPINION

During the March 2 interrogation Newman revealed to the interrogating officers that he suffered from numerous mental illnesses and was receiving treatment and taking medication to address the deficiencies. The officers continued their interrogation, and after questioning from the officers, Newman eventually made oral and written statements confessing to the murder of Marie Cholette. In his motion to suppress his statements, Newman argued that the officers unlawfully exploited his mental condition to obtain the confession.

The circuit court conducted three evidentiary hearings regarding Newman's competency where it took testimony from three medical experts regarding Newman's mental incompetency. After considering all the testimony and evidence presented, the court made an oral ruling on January 23, 2017, that the statements from March 1 and March 7 would be suppressed based on the case law and evidence that had been presented.[2] The court entered a written order that encompassed its oral ruling and stated:

> [T]he court is holding that, based upon Mr. Newman's condition at the time, he made [the] statements, he suffered a mental disease and mental deficits wherein he could not give a knowing or voluntary consent or statement, because of his mental condition. The statements he made were due to interrogation which to most would be reasonable to the ordinary individual, however to Mr. Newman's own mental condition, it was not.

---

oral statement made in April 2001; (4) oral and video statements made to law enforcement officials on May 9, 2002; and (5) two letters written by Newman after he was arrested.

[2] The state voluntarily withdrew the other challenged statements. Additionally, although the court's order states that the first statement was made on March 1, this appears to be a clerical error because the challenged statement was given on March 2.

The State timely appealed the court's order. The only issues the State asks us to decide on appeal are whether the court erred when it determined that Newman could not knowingly waive his *Miranda* rights or voluntarily confess due to his mental condition.

We must first address whether this is a proper State appeal under our rules because it is a matter of subject-matter jurisdiction. *State v. Grey*, 319 Ark. 356, 358, 891 S.W.2d 376, 377 (1995). While criminal defendants may appeal their convictions as a matter of right, the State must bring its appeals per our rules of Criminal Appellate Procedure. *See, e.g., State v. Jenkins*, 2011 Ark. 2. As a matter of practice, this court reviews only State appeals that are narrow in scope and involve the interpretation of law, not its application. *Id.*; *State v. Sprenger*, 2016 Ark. 177, at 4, 490 S.W.3d 314, 316; *State v. Myers*, 2012 Ark. 453, at 4–5. We will not entertain a State appeal unless the correct and uniform administration of the criminal law requires review by the court. Ark. R. App. P.–Crim. 3(d).

We will also not accept an appeal by the State when the circuit court has acted within its discretion after making an evidentiary decision based on the particular facts of the case or even a mixed question of law and fact, as those appeals do not require interpretation of our criminal rules with widespread ramifications. *State v. Nichols*, 364 Ark. 1, 4, 216 S.W.3d 114, 116-17 (2005); *see also State v. Brashers*, 2015 Ark. 236, at 5–6, 463 S.W.3d 710, 713–14; *State v. Threadgill*, 2011 Ark. 91, 382 S.W.3d 657. We do not entertain State appeals just to show that the trial court erred. *Nichols*, 364 Ark. at 4, 216 S.W.3d at 116–17.

The State argues that its appeal solely revolves around the circuit court's improper interpretation of our case law and not its application to the facts because it made its ruling based on Newman's mental incompetency and not the totality of the circumstances. The

State relies on our decisions in *State v. Harmon*, 353 Ark. 568, 113 S.W.3d 75 (2003), and *State v. Harris*, 372 Ark. 492, 277 S.W.3d 568 (2008), as support for its argument. In *Harmon* we allowed the State to appeal an adverse suppression ruling when the court applied an erroneous interpretation of our case law to the facts, and specifically noted so in its order. *Harmon*, 353 Ark. at 572, 113 S.W.3d at 77. We therefore held that it was a proper State appeal because it would require us to interpret our constitution and criminal rules.

Unlike *Harmon*, there is no clear indication that the circuit court relied on an erroneous interpretation of a criminal rule when it made its decision. The State's argument that the court focused only on Newman's mental condition and not the totality of the circumstances is undermined by the court's consideration of the officer's interrogation techniques as applied to Newman. Even if the court was incorrect in its factual analysis, we do not accept State appeals to prove that point. This is clearly a mixed question of fact and law because it would require us to review the record to determine what the circuit court considered when it made its ruling. *See Nichols*, 364 Ark. at 4, 216 S.W.3d at 116–17 (State's attempt to frame question as interpretation did not change the fact that resolution of the issue turned on the facts). The circuit court made an evidentiary decision after considering the particular facts of the case, and the State's arguments regarding that ruling are based on the application and not interpretation of our criminal rules. This is therefore not a proper State appeal.

Appeal dismissed.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellant.

*Julie Brain*, for appellee.