Benjamin WILLIAMS *v.* STATE of Arkansas

CR 86-126                                        732 S.W.2d 135

Supreme Court of Arkansas
Opinion delivered July 6, 1987

*John Wesley Hall, Jr.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Robert A. Ginnaven, III*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant, Benjamin Williams, was convicted of two counts of delivery of a controlled substance. He appealed his conviction, and it was affirmed by this court. *Williams v. State*, 290 Ark. 449, 720 S.W.2d 305 (1986). He subsequently filed a Motion to Correct Illegal Sentence pursuant to Ark. Stat. Ann. § 43-2314 (Supp. 1985). The trial court denied the motion. We affirm.

Appellant was charged with two counts of delivery of a controlled substance in violation of Ark. Stat. Ann. § 82-2617 (Supp. 1985). In addition, he was charged as an habitual offender pursuant to Ark. Stat. Ann. § 41-1001 (Supp. 1985). The verdict forms given to the jury directed the jury members to set his sentence at "not less than 20 years nor more than 60 years, or life." The jury set the sentence at 60 years on each count.

Appellant argues that the jury was given the wrong range of punishment. He contends that the offenses should have been treated as an unclassified felony under Ark. Stat. Ann. § 41-1001(1)(g), with the range set at 10 to 50 years, or life, rather than a class Y felony under § 41-1001(1)(a), with the range set at

20 to 60 years, or life.

Appellant's entire argument is based upon a sentence which occurs at the end of each subparagraph in Ark. Stat. Ann. § 82-2617(a)(1)(i) (Supp. 1985). The paragraph that is pertinent to this case provides:

(1) Any person who violates this subsection with respect to:

(i) A controlled substance classified in schedule I or II, which is a narcotic drug, and by aggregate weight, including adulterants or diluents, is less than twenty-eight (28) grams, is guilty of a felony and shall be imprisoned for not less than ten (10) years nor more than forty (40) years, or life and shall be fined an amount not exceeding twenty-five thousand dollars ($25,000). *For all purposes other than disposition, this offense is a class Y felony.*

(Emphasis added.)

Appellant argues that the italicized sentence requires that the range for his punishment as an habitual offender be set in accordance with Ark. Stat. Ann. § 41-1001(1)(g), unclassified felonies, rather than under § 41-1001(1)(a), class Y felonies. We find no merit in his argument.

Ark. Stat. Ann. § 82-2617(a)(1)(i) was amended substantially in 1985 by Act No. 669. The offense was changed from a pure class Y felony to one in which the offense was gradated according to the weight of the drug delivered. The punishment under the amended statute is much harsher than that previously authorized for class Y felonies. The amended statute gives trial courts the authority to impose a fine of up to $250,000.00, and it also raises the minimum number of years for imprisonment according to the weight of the drug involved. Obviously, the General Assembly did not want trial courts to be limited to the dispositions authorized by Ark. Stat. Ann. § 41-901 for class Y felonies. Rather, the legislative intent was to take the profit out of selling drugs and to impose longer sentences. It is simply inconceivable that the General Assembly would go to such lengths to devise a harsher scheme of punishment for drug offenders under Ark. Stat. Ann. § 82-2617 and then turn around and intend for these same offenders to receive more favorable treatment under Ark. Stat. Ann. § 41-1001, the sentence en-

hancement statute. Even penal statutes should not be interpreted so strictly as to reach absurd consequences which are clearly contrary to the legislative intent. *Kinsey* v. *State*, 290 Ark. 4, 716 S.W.2d 188 (1986); *Dollar* v. *State*, 287 Ark. 61, 697 S.W.2d 868 (1985); *Fairchild* v. *State*, 286 Ark. 191, 690 S.W.2d 355 (1985).

Affirmed.