2013 Ark. 219

**STATE of Arkansas, Appellant,**

v.

**Jeremy Lynn O'QUINN, Appellee.**

**No. CR–12–1063.**

Supreme Court of Arkansas.

May 23, 2013.

Rehearing Denied June 27, 2013.

Dustin McDaniel, Att'y Gen., by: Rachel Kemp, Ass't Att'y Gen., for appellant.

Frank Shaw, for appellee.

PAUL E. DANIELSON, Justice.

The State seeks reversal of the sentencing order of the Faulkner County Circuit Court, sentencing the appellee, Jeremy O'Quinn, to concurrent terms of five years in the Arkansas Department of Correction with an additional ten years' suspended imposition of sentence plus costs and fees for each conviction. The State contends that the circuit court illegally sentenced O'Quinn because the statutory-minimum sentence for a habitual offender was not imposed. Additionally, the State argues that the circuit court erred by not imposing a fine against O'Quinn pursuant to the applicable statute. We find merit in the appeal, and we reverse and remand for resentencing.

Before reaching the merits, we must first determine whether the State may appeal the sentencing order. This court accepts appeals by the State when our holding would be important to the correct and uniform administration of Arkansas criminal law. *See* Ark. R.App. P.-Crim. 3(c) (2012); *see also State v. Stephenson,* 340 Ark. 229, 9 S.W.3d 495 (2000); *State v. Stephenson,* 330 Ark. 594, 955 S.W.2d 518 (1997). We have previously held that "sentencing and the manner in which such punishment provisions can be imposed arise in every criminal case where a conviction is obtained, and the application of these statutory sentencing procedures to convict defendants requires uniformity and consistency." *Stephenson,* 340 Ark. at 231, 9 S.W.3d at 496 (quoting *State v. Freeman,* 312 Ark. 34, 846 S.W.2d 660 (1993)). Likewise, it is well settled that the State may appeal the imposition of a void or illegal sentence by the trial court. *See, e.g., State v. Kinard,* 319 Ark. 360, 891 S.W.2d 378 (1995); *State v. Rodriques,* 319 Ark. 366, 891 S.W.2d 63 (1995); *State v. Brummett,* 318 Ark. 220, 885 S.W.2d 8 (1994). Therefore, jurisdiction of the instant appeal is properly in this court.

The underlying facts of this case are not in dispute. The relevant sentencing order was entered subsequent to a finding of the circuit court that O'Quinn was guilty, as a habitual offender, of manufacturing methamphetamine in violation of Ark.Code Ann. § 5–64–401(a)(1)[1] and possession of drug paraphernalia with intent to manufacture methamphetamine in violation of Ark.Code Ann. § 5–64–403(c)(5). However, after the judgment and commitment order was entered, the State filed a motion for reconsideration with the circuit court, arguing

---

1. This is the statute that was in effect at the time of O'Quinn's conviction and, therefore, applicable in the instant case even though it has since been repealed by Act 570 of 2011, § 33.

that as a habitual offender with four or more prior convictions, the statutory minimum to which O'Quinn could have been properly sentenced |₃was imprisonment for ten years and that no part of that sentence could be suspended. After a hearing, the circuit court disagreed with the State and announced that it would stand by its original sentencing order. The State timely filed a notice of appeal, and the Attorney General timely lodged the record. We now turn to the merits of the State's argument.

▬ Sentencing is entirely a matter of statute. *See State v. Joslin*, 364 Ark. 545, 222 S.W.3d 168 (2006); *see also* Ark.Code Ann. § 5–4–104(a) (Supp.2011) ("No defendant convicted of an offense shall be sentenced otherwise than in accordance with this chapter."). As such, sentencing may not be other than in accordance with the statute in effect at the time of the commission of the crime. *See Joslin, supra.* If a circuit court pronounces a sentence that is not authorized by law, that sentence is illegal, and the case must be reversed and remanded. *See Joslin, supra.*

One of O'Quinn's two convictions was manufacturing methamphetamine, a Class Y felony, and, although it has since been repealed, the applicable sentencing statute at the time was Ark.Code Ann. § 5–64–401. The statute provided in pertinent part:

(a) Controlled Substance—Manufacturing, Delivering, or Possessing with Intent to Manufacture or Deliver. Except as authorized by subchapters 1–6 of this chapter, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver a controlled substance. Any person who violates this subsection with respect to:

(1) Schedule I or II Narcotic Drug or Methamphetamine.

(A)(i) A controlled substance classified in Schedule I or Schedule II that is a narcotic drug or methamphetamine, and by aggregate weight, including an adulterant or diluent, is less than twenty-eight grams (28g), is guilty of a felony and shall be imprisoned for not less than ten (10) years nor more than forty (40) years, or life, and shall be fined an amount not exceeding twenty-five thousand dollars ($25,000).

(ii) For any purpose other than disposition, this offense is a Class Y felony. |₄Ark.Code Ann. § 5–64–401(a)(1)(A)(i), (ii) (Supp.2009) (repealed by Act 570 of 2011, § 33).

▬ O'Quinn was sentenced as a habitual offender pursuant to the habitual-offender statute because he had been previously convicted or found guilty of four other felonies. *See* Ark.Code Ann. §§ 5–4–501 to –504 (Repl.2006 & Supp.2009). Section 5–4–501(b)(1) sets forth the criteria that a defendant must satisfy before an extended term of imprisonment may be imposed. Section 5–4–501(b)(2) then provides the express guidelines for sentencing a habitual offender and states

(2) The extended term of imprisonment for a defendant described in subdivision (b)(1) of this section is as follows:

(A) *For a conviction of a Class Y felony²*, *a term of imprisonment of not less than ten (10) years nor more than life;*

**2.** While O'Quinn implies—although does not properly develop an argument—in his brief that the punishment for his offense should be in accord with something other than a Class Y felony because of the language in A.C.A. § 5–64–401(a)(1)(A)(ii), this court has already rejected such an argument in *Williams v. State*, 292 Ark. 616, 732 S.W.2d 135 (1987). One dissenting justice clearly disagrees with that precedent and would apparently overrule it, while one fails to acknowledge it completely.

(B) For a conviction of a Class A felony, a term of imprisonment of not less than six (6) years nor more than sixty (60) years;

(C) For a conviction of a Class B felony, a term of imprisonment of not less than five (5) years nor more than forty (40) years;

(D) For a conviction of a Class C felony, a term of imprisonment of not less than three (3) years nor more than thirty (30) years;

(E) For a conviction of a Class D felony, a term of imprisonment of not more than fifteen (15) years;

(F) For a conviction of an unclassified felony punishable by less than life imprisonment, a term of imprisonment not more than two (2) times the maximum sentence for the unclassified felony offense; and

(G) For a conviction of an unclassified felony punishable by life imprisonment, a term of imprisonment not less than ten (10) years nor more than fifty (50) years, or life.

Ark.Code Ann. § 5–4–501(b)(2) (emphasis added). When the required sentence under this statute is longer than the sentence listed under the applicable statute for the specific offense, the circuit court is to sentence a defendant in accord with the habitual-offender statute. *See, e.g., McKillion v. State,* 306 Ark. 511, 815 S.W.2d 936 (1991); *Hart v. State,* 301 Ark. 200, 783 S.W.2d 40 (1990).[3] This court has consistently held that minimum sentences for habitual offenders are mandatory. *See Bunch v. State,* 344 Ark. 730, 43 S.W.3d

132 (2001). Furthermore, Ark.Code Ann. § 5–4–301(a)(2) expressly instructs that the circuit court shall not place a defendant on probation if it is determined that the defendant has been previously convicted of two or more felonies in accordance with the habitual-offender statute. Because the circuit court did not have the authority in the instant case to suspend ten years of the fifteen-year sentence imposed, we must reverse and remand.

While the State additionally argues that the circuit court erred by failing to impose a fine pursuant to the controlled-substances statute, we disagree. Arkansas Code Annotated section 5–64–401(a)(1)(A)(i) did instruct that O'Quinn "shall be fined an amount not exceeding twenty-five thousand dollars ($25,000)." Zero is an amount not exceeding twenty-five thousand dollars, and no minimum amount was mandated in the statute. *See, e.g., Donaldson v. State,* 370 Ark. 3, 257 S.W.3d 74 (2007) (where this court explained that while a fine of zero dollars is, strictly speaking, no fine, common sense tells us that the words "not exceeding" includes zero when no lower limit is set).

However, as previously discussed, because the circuit court did exceed its statutory authority by imposing a sentence of five years when at least a ten-year sentence was required, we reverse and remand for the purpose of resentencing.[4]

Reversed and remanded.

HANNAH, C.J., and BAKER and HART, JJ., dissent.

---

**3.** While Ark.Code Ann. § 5–4–104(c)(2)(C) does specifically permit a circuit court to, in addition to imposing a term of imprisonment, suspend imposition of an *additional* term of imprisonment, our case law suggests that once the habitual-offender statute is applicable, it is not an additional sentence, but becomes the required sentence.

**4.** While the State also suggests in a footnote that O'Quinn's sentence for possession of drug paraphernalia with intent to manufacture was also incorrect, that issue was not fully developed and is not the basis for our reversal.

JIM HANNAH, Chief Justice, dissenting.

I respectfully dissent. The statute relied on by the majority for the methamphetamine conviction states, "For any purpose other than disposition, this offense is a Class Y felony." Ark.Code Ann. § 5–64–401(a)(1)(A)(i), (ii) (Supp.2009) (repealed by Act 570 of 2011, § 33). The majority then holds that O'Quinn is subject to at least ten years' imprisonment as a habitual offender, relying on section 5–4–501(a)(2) (Repl.2006), which applies to a "conviction of a Y felony." The conviction in the present case was not a Class Y felony for purposes of disposition; however, the majority then treats O'Quinn's conviction as a Class Y felony for purposes of disposition under section 5–4–501(a)(2). In *Williams v. State,* 292 Ark. 616, 732 S.W.2d 135 (1987), this court considered the phrase "for any purpose other than disposition," and rejected the argument that this meant drug-related felonies might be treated less harshly. This court held that despite the language in the statute, the offense was a Class Y felony for purposes of disposition under the habitual-offender statutes, finding it "inconceivable" that the General Assembly could have had such an intent given a statutory scheme clearly designed to treat drug offenders more, rather than less, harshly. *Williams,* 292 Ark. at 618–19, 732 S.W.2d at 136–37. This court in *Williams* failed to follow the plain language of the statutes and the standard of review in criminal cases. "Penal statutes are to be strictly construed, and all doubts are to be resolved in favor of the defendant." *Magness v. State,* 2012 Ark. 16, 386 S.W.3d 390, 393; *see also Hughes v. State,* 6 Ark. 131 (1845) ("It is a rule, founded alike in humanity and good policy, designed for the protection of the citizen, and never to be departed from, that penal statutes must be strictly construed."). The majority's analysis in the present case

may well follow what it believes the General Assembly thought would occur, but the majority's analysis ignores our law on interpretation of penal statutes, and the plain language of the statute that declares the conviction was not a Class Y felony for purposes of disposition. Therefore, I dissent.

BAKER and HART, JJ., join.

JOSEPHINE LINKER HART, Justice, dissenting.

Jeremy Lynn O'Quinn was convicted of manufacturing methamphetamine. Ark. Code Ann. § 5–64–401(a) (Repl.2005). As noted by the majority, the applicable penalty range set forth in that statute is ten to forty years or life. Ark.Code Ann. § 5–64–401(a)(1)(A)(i). The majority also cites to a provision of the statute that states, "For any purpose other than disposition, this offense is a Class Y felony." Ark. Code Ann. § 5–64–401(a)(1)(A)(ii); *see Crouse v. State,* 2012 Ark. 442, at 5, 2012 WL 5963197 (citing the previous statute and stating that "offenses under the Uniform Controlled Substances Act are only class-defined felonies '[f]or all purposes other than disposition' ").

The majority then emphasizes Arkansas Code Annotated section 5–4–501(a)(2)(A) (Repl.2006), which sets forth the applicable extended term of imprisonment for persons convicted of a Class Y felony. The majority's reliance on this statute, which pertains to the disposition of persons convicted of a Class Y felony, is inconsistent with the majority's earlier citation of Arkansas Code Annotated section 5–64–401(a)(1)(A)(ii), which, in sum, says that manufacturing methamphetamine is not a Class Y felony for purposes of disposition. Either manufacturing methamphetamine is a Class Y felony for purposes of disposition

or it is not. This inconsistency is troubling.

Further, I note that the State also argued on appeal that—aside from whether a person is a habitual offender—a person convicted of manufacturing must be sentenced within the sentencing range provided for in Arkansas Code Annotated section 5–64–401(a)(1)(A)(i) and cannot have any portion of the sentence suspended. I note that this court recently decided *Crouse v. State, supra,* which speaks to this issue, and the majority's failure to address the issue in the face of an obvious inconsistency within the statute is likewise troubling.

Thus, I respectfully dissent.

HANNAH, C.J., and BAKER, J., join.